*232 The material facts in the case appear in the opinion of the Court, which was drawn up by
Appleton, C. J.
It appears, from the evidence in the case, that Philip Newbert commenced an action of replevin' against Joseph W. Newbert, in which the defendant recovered judgment and for a return. The execution issuing thereon being returned unsatisfied, the present plaintiff commenced a suit on the replevin bond against Philip Newbert & al., in which judgment was rendered in his favor. Philip Newbert and the surety on his bond being insolvent, this suit was commenced against the late sheriff of this county, for the default of one Cole, his deputy, in not taking a sufficient replevin bond. Since its commencement Cole has settled with the plaintiff of record and procured • from him a discharge.
The replevin suit was defended and that on the replevin bond prosecuted, till final judgment was rendered in each case, by A. P. Gould, Esq., an attorney of this Court, who, having a lien on the judgments obtained in the above actions, claims by force thereof, and as assignee, to control this action and defeat the discharge the defendant has obtained.
The attorney has a lien on all papers of his client which come into his hands, which may be enforced by the retention thereof, until such lien is satisfied.
An attorney’s lien does not attach in a suit until the rendition of judgment therein. But this principle applies only in the first instance. When judgment has been obtained, an execution issued and the lien has attached thereto, it extends to suits arising from and incidental to the enforcement of the judgment. Were it not so, the lien wo.uld obviously be of slight value.
Judgment, then, having been rendered in favor of the defendant in the replevin suit, the attorney, having in his hands the execution which issued, had a lien thereon. To the extent of such lien he is to be regarded as an equitable assignee, and, as such, entitled to the protection of the law *233 in the enforcement of his claims. To that extent his rights of action are co-extensive with those of his client. In Martin v. Hawkes, 15 Johns., 405, the attorney'had a lien on a judgment recovered for his costs. The execution was placed in the sheriff’s hands for collection, who voluntarily suffered the debtor to escape. The attorney brought an action for the escape against the sheriff, in the name of his client. It was held that the sheriff could not avail himself of a release from the original plaintiff in bar of the action, such release being a fraud upon the attorney, as it was executed with notice to all parties of his lien for costs. In Wilkins v. Batterman, 4 Barb., 48, a party was committed to jail upon a ca. sa., which showed upon its face that the judgment was for costs alone. It was there held that this was notice to the sheriff' of that fact, and that such judgment equitably belonged to the attorney; and that a permission given by the party in whose favor the judgment was recovered, to the prisoner to go at large beyond the jail liberties, was unauthorized and was no defence to an action brought against the sheriff for an escape. "An attorney,” remarks Paige, J., "has a lien on a judgment recovered by him, for his costs. He is equitably entitled to the costs, as a compensation for his labor and expense of prosecuting or defending the suit. He is regarded as an assignee of the judgment, to the extent of the costs included therein.” These views received the full sanction of this Court, in Hobson v. Watson, 34 Maine, 20, which was debt upon a poor debtor’s bond, which the plaintiff claimed a right to discharge and thus defeat the lien of the attorney on the judgment he had aided in procuring; but the Court held that this lien was an ownership in the judgment, and of the same effect as if created by an assignment thereof for collateral security; and that the attorney was entitled to the use of all the remedies for the enforcement of his execution. " The debtor,” observes Wells, J., "has the right, without the consent of the creditor, to give a bond to release himself from arrest in execution. It does not depend upon the will of the cred *234 itor. It is a legal incident attached to the judgment and execution. The creditor is compensated by the bond for the liberation of the debtor. The bond belongs to the owner of the judgment. If the whole amount due upon the judgment was costs upon which the attorney had a lien, would not he be entitled to the control of the. bond ? It would be his property in equity, and he would have a right to use the name of the nominal party in a suit upon it.”
The statute of this State does not require the attorney to give notice of his intention to -rely ón his lien to render it available against the discharge of the creditor. Gammon v. Chandler, 30 Maine, 152; Hobson v. Watson, 34 Maine, 20. If notice were necessary, it would seem that the defendant is to be deemed as affected therewith. "In the present case,” observes Paige, J'., in Wilkins v. Batterman, " it appears on the face of the ca. sa., that the judgment was for costs alone. This was notice to the sheriff of that fact. Wilkins and Baker, the parties to the suit, must have had full knowledge of this fact.- The parties, as well as the sheriff must have known that the judgment, being for costs alone, equitably belonged to the attorneys of Wilkins.” In this case, notice of the lien was likewise proved, and its existence was inferrible from the suit itself, which could only be brought by a successful defendant in replevin.
The attorney, being regarded as an equitable assignee of the judgment, has a right to the same remedial processes as his client to obtain satisfaction to the extent of his lien.
The replevin bond is a substitute for the property replevied and a security for the damages and costs arising in the prosecution of the suit. The right to enforce it is one of the fruits of the judgment. It accrues after its rendition. It is by its enforcement that the judgment is made available. The attorney, as incidental to the judgment, has a right to enforce it, which his client cannot defeat.
The bond is made running to the defendant in replevin. The attempt to collect it was ineffectual. The sureties were insolvent. But this will not discharge the sheriff. Myers *235 v. Clark, 3 W. & S., 535. Until the attempt was made and failed, he might have insisted that it would have been successful.
It being the duty of the sheriff to take a replevin bond with sufficient sureties, he is liable in case of their insufficiency. But to whom ? Manifestly to the person to whose benefit the bond, if good, would accrue. The damages awarded for taking an insufficient bond are the compensation for the loss arising therefrom. The person holding the bond is the one, who suffers from the insolvency of the sureties. The defendant in replevin would primarily be entitled to the damages arising from an insufficient bond, if he obtained judgment, and as a consequence thereof. But the lien of the attorney -is equivalent to an assignment of the judgment. The attorney, having a right to enforce the bond, has a right to the damages which may be given for and on account of its insufficiency. The assignment of the judgment carries with it the replevin bond and the right to enforce it — and, in case of failure to collect, the right of action to damages by way of compensation for such failure. The assignor has no right to the suit. The action exists by virtue of the judgment, and as a mode of making it available or of affording an adequate remedy to the party suffering through the neglect of the officer, — and that judgment, to the extent of his lien, belongs to the attorney.
The statute of limitations, against the sheriff for taking insufficient sureties in replevin, commences running from the time when the plaintiff in replevin, after judgment for a return, has failed to return upon demand the property replevied. Harriman v. Wilkins, 20 Maine, 93. The right of action for not taking a sufficient bond, therefore, did not accrue till after the lien of the attorney had become perfected by the rendition of judgment in the replevin action. This suit, therefore, is one of the recognized modes of rendering the judgment recovered available to the party in whose favor it was rendered, or to his assignee. The client is not to be allowed to deprive the attorney of his lien *236 any more than the assignor would be permitted to defeat his assignment.
This lien, by E. S., 1857, c. 84, § 27, is for "so much of the '* * execution as is due to the attorney for fees and disbursements therein.” The fees must be taxed and included in the execution and the disbursements must likewise be for taxable • items included therein. Ocean Ins. Co. v. Rider, 22 Pick., 410; Wood v. Verry, 4 Gray, 357. But this lien does not extend to professional services other than those taxed and included in the execution.

Defendant defaulted.

Eice, Cutting, Davis, Kent and Walton, JJ., concurred.