ROSA CHAPPELLE MCGILL AND S. D. MCGILL, HER HUS-
BAND, *Plaintiffs in Error*, VS. A. W. COCKRELL, JR., AND
ALSTON COCKRELL, LATE PARTNERS AS COCKRELL & COCK-
RELL, *Defendants in Error.*

Division A.

Opinion Filed June 13, 1924.

Petition for Rehearing Denied July 26, 1924.

1. Where the relation of attorney and client is established and
evidenced by a written communication from the latter to the
former and acknowledgement by the attorney of the employ-
ment, although there is no agreement on the part of the
client to pay a certain sum of money for services to be
rendered by the attorney, the obligation of the client to re-
munerate the attorney for his services is an obligation
founded upon an instrument of writing.

2. Under the statute of limitations, Section 2939 Revised Gen-
eral Statutes, an obligation or liability not founded upon an
instrument in writing is barred in three years and an obli-
gation founded upon an instrument in writing not under seal
is barred in five years.

3. When the relation of attorney and client has been established
the promise to pay a reasonable sum for the services to be
rendered is implied in the absence of any express agreement
as to the amount to be paid.

4. The employment of an attorney to render professional
services to another is an express and definite agreement and
leaves nothing to be explained by parol testimony.

5. That which the law implies from the relation of parties
created by an express agreement is as much a part of the
contract as that which is expressed.

6. In an action by an attorney against his client for the pay-
   ment of reasonable compensation for professional services
   rendered a verdict for an amount which is greatly excessive
   and shows that the jury failed to consider all the facts and.
   circumstances of the case but were guided solely in their·
   findings by the testimony of expert witnesses as to what
   would be a reasonable compensation, who based their esti-
   mate upon services which were not rendered and respon-
   sibilities not incurred, will be set aside.

A Writ of Error to the Circuit Court for Duval County,
Daniel A. Simmons, Judge.

Judgment affirmed if remittitur entered.     .

*John T. G. Crawford,* for Plaintiffs in Error.

*Knight & Adair,* for Defendant in Error.

PER CURIAM.—Cockrell and Cockrell, as late partners,
recovered a judgment in the Circuit Court for Duval
County against Rosa Chappelle McGill and her husband,
S. D. McGill, execution to be satisfied solely out of the
land and tenements, goods and chattels of the defendant,
Rosa. The defendants took a writ of error.

The action was brought upon a contract of employment
of the plaintiffs for their professional services by Rosa
Chappelle, who at the time, November, 1911, was the
widow of Pat Chappelle. The services of the plaintiffs
were required by the widow in her behalf in and about
certain claims and a certain threatened suit by Lewis W.
and James E. Chappelle against the widow involving a
third interest in certain property consisting of lands and
chattels alleged to be of great value of which Pat Chap-    .
pelle had died seized and possessed and to which Rosa,
his wife, had succeeded upon his death.

Shortly after the institution of the suit by Lewis W. and J. E. Chappelle, Rosa Chappelle married S. D. McGill.

The defendants in error, Cockrell & Cockrell, represented the plaintiff in error, Rosa Chappelle through the litigation in the Circuit Court to the final disposition of the case in this Court on May 31, 1916. See McGill v. Chappelle, 71 Fla. 479, 71 South. Rep. 836.

No amount was agreed upon between the parties to be paid for the services to be rendered. The action is against a married woman upon an antenuptial contract her husband being joined as defendant. See McGill v. Cockrell, 81 Fla. 463, 88 South. Rep. 268.

During the progress of the cause of Chappelle v. McGill, on March 21, 1912, Rosa Chappelle wrote a letter to A. W. Cockrell, one of the plaintiffs in this action, of which the following, omitting date and address, is a copy: "Dear Sir: I herewith enclose you check for $65.48, said amount to cover payment advice and service in matter of the administration and retainer as to claim by the Brothers of my Deceased Husband. Also cost of publication of notice in the matter of the administration. Of which I trust will be satisfactory.

The above check I would have sent before now, but being so busy trying to get my place of business open, I over look the same. However I trust matter is alright. I remain,

Respectfully,

P. O. Box No. 702.                    R. A. Chappelle."

The original declaration contained four counts and the amendment to it three counts. There were pleas, demurrers and replications which it would be unprofitable to discuss. The issues which grew out of it all were whether the three or five-year statute of limitations applied and if the three-year statute, when did the cause of action in

favor of the Cockrells accrue? Secondly was the verdict excessive?

The three-year statute of limitations bars an action upon a contract, obligation or liability not founded upon an instrument in writing. The five-year statute bars an action upon any contract, obligation or liability founded upon an instrument of writing not under seal. See Section 2939, Revised General Statutes.

The relation of attorney and client had been established between Cockrell & Cockrell and Rosa Chappelle before the letter of the latter to the former, in which was enclosed a check in payment for ''advice in the matter of administration'', ''cost of publication of notice'' and ''retainer as to claim by the Brothers'' of the widow's deceased husband. A few days later the Cockrells, in a letter to Rosa Chappelle, acknowledged the receipt of the check in payment for the ''advice in the matter of administration, and retainer as to the claim of the brothers'' of the widow's deceased husband ''also the cost of publication in *re* the administration''.

Those letters constitute the written evidence of the contract between the parties and satisfies the five-year statute of limitations. Although the letter contained no agreement to pay a certain sum of money for the services to be rendered, the promise to pay a reasonable sum is raised from the agreement to engage the attorneys and their acceptance of the employment. The employment of an attorney to render professional services to another is. an express and definite agreement and leaves nothing to be explained by parol testimony. Therefore, it does not come within the rule that, where an agreement as set forth in writing is so indefinite as to necessitate resort to parol testimony to make it complete, in applying the

statute of limitations, it must be treated as an oral contract.

In this case the letter states, in substance, to the Cockrells, attorneys-at-law; I retain your services in my behalf "as to the claim by the Brothers of my deceased husband". That claim, and the only one by them, was then presented in a bill in chancery against the writer of the letter. Having accepted the employment there is no explanation that could be made further than is contained in the establishment of the relation. No resort to parol testimony is necessary to make the employment complete. It was complete when she wrote, that part of the sum enclosed was to be applied as a "retainer as to the claim by the Brothers of my deceased husband". The duties of the Cockrells toward the writer of the letter, Rosa Chappelle, became definitely fixed by law so soon as they acknowledged the relation between themselves and Rosa Chappelle as attorneys and client. The employment of an attorney in the matter of litigation is an engagement for his knowledge, skill, science and judgment to be exercised by him at his discretion within the limitations fixed by law as to his duties to state, court and client. The letter written by the woman, Rosa Chappelle, constituted what is sometimes called a unilateral contract; lacking mutuality to start with it became binding upon her after performance by the promisee. It was a written request for the professional services of Mr. Cockrell to be rendered in a certain matter of litigation and he became entitled to his compensation under the contract, not upon a *quantum meruit* upon performance of the service. While the contract fixed no definite sum to be paid as compensation to the attorney a reasonable sum is presumed by law to have been contemplated by the parties. See McGill v. Cockrell, *supra;* Plumb v. Campbell, 129 Ill. 101, 18 N. E. Rep. 790.

And what the law implies, from the relation of parties created by an express agreement, is as much a part of the contract as that which is expressed. Bishop on Contracts, 2 Ed. Sections 241, 242, 256; Churchward v. The Queen, I L. R. Q. B. 173; Hudson Canal Co. v. Pennsylvania Coal Co., 8 Wall. (U. S.) 276; 19 L. Ed. 349.

The court instructed the jury to render a verdict for the plaintiffs and to assess the damages. by considering all the facts and circumstances of the case and in that way arrive at the amount of compensation that they thought the plaintiffs ought to recover; that no "jury was hard and fast bound by expert testimony as to values."

There was no error in the charge. The court's direction to the jury to return a verdict for the plaintiffs was justified upon the theory that the five-year statute, and not the three-year statute of limitations, applied.

The verdict was for ten thousand dollars and interest at eight per cent. per annum from the date of the commencement of the action. The plaintiffs in error contend that the verdict was excessive and not justified by consideration of the evidence in the case.

That position is well taken. The verdict, considering the circumstances of the employment in which the plaintiffs were engaged and the responsibility as measured by the amount involved, was, we think, greatly excessive. When e plaintiffs were engaged to represent the widow of Pat Chappelle, the estate of the deceased was alleged in the bill of complaint, or was supposed to be, worth approximately one hundred thousand dollars or more not including a policy of insurance upon the life of the deceased, amounting to ten thousand dollars.

The litigation by the two Chappelle brothers involved only a one-third interest of the estate, exclusive of the proceeds upon the insurance policy.. There is no intention

to minimize the character of services rendered by the plaintiffs in that litigation when reference is made to the fact that the questions involved were largely questions of fact. A great deal of evidence was taken and there was a decree in favor of the complainants which upon appeal taken by the Cockrells was reversed and the bill dismissed by this court. See McGill v. Chappelle, *supra.*

From the evidence in this case the total value of the property of the estate appears to have been approximately sixty thousand dollars of which the Chappelle brothers claimed about twenty thousand dollars. The suit, it is true, sought an accounting which, if it had been successful would have entailed a great deal more labor and responsibility on the part of counsel on both sides, but the case never reached that stage. It was determined adversely to the Chappelle brothers upon the question of their right to such an accounting.

The expert testimony of at least one of the witnesses seemed to rest upon three elements: first, the employment of counsel was in the nature of a contingent employment; scond, the value of the entire estate and third, the saving of labor, expense and embarrassment to the defendant which would have resulted from an accounting if the Chappelle brothers had been successful. But the employment was not contingent in the sense that counsels' reasonable compensation depended upon the defendants' success in the litigation; the value of the estate involved was not so great as supposed by nearly fifty per centum and the work involved in an accounting was never required to be done.

Under these circumstances, it seems to us that, the jury failed to consider that portion of the court's charge in which they were told that they were bound by no hard and fast rule to be governed by expert testimony but to con-

sider what would be a reasonable compensation from all the facts and circumstances of the case.

We are of the opinion that the judgment should be, and is, hereby reversed unless the defendants in error shall enter a remittitur of five thousand dollars, and interest from the date of the institution of the action, in which case the judgment so diminished shall be, and is, affirmed.

So ordered.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., Concur.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., Concur in the opinion.