## CRICHLOW v. DOEPKE.

### No. 6431.

Circuit Court of Appeals, Fifth Circuit.

March 18, 1932.

G. E. Mabry, O. K. Reaves, Morris E. White, and E. C. Johnson, all of Tampa, Fla., for appellant.

D. C. McMullen, of Tampa, Fla., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

Appellant sued the receiver of a failed national bank to recover a balance which he claimed was due him as reasonable attorney's fees for representing the receiver. The action was on the common counts, but the receiver pleaded appellant's agreement to accept employment with the understanding that his fees would be reasonable "and subject to the approval of the Comptroller of the Currency, whose decision as to such fees shall be final," and averred in his plea that all of the charges for services rendered had been passed upon by the Comptroller, who had paid such compensation as he had determined to be reasonable. A demurrer to this plea was interposed, in support of which it was contended that the plea was defective, in that it did not aver that all charges submitted by appellant had been passed upon and the amount that the Comptroller deemed reasonable had been paid, but only that the charges that were paid had been passed upon. This demurrer was overruled, and appellant filed a replication in which he alleged that the fees which he charged were reasonable, but that the Comptroller persisted in the practice of cutting them down and allowing fees that were unreasonably low; that, because of the Comptroller's attitude, appellant gave up his employment and at the time he did so he had in his possession a large amount of securities of various kinds; that he telegraphed the Comptroller, agreeing to deliver up the papers in his possession and to accept the fees allowed as payment on account "subject to reasonable adjustment of any differences in regard to fees"; that the Comptroller sent him a check for an additional amount in final settlement "subject to settlement of any differences with the Comptroller of the Currency." The trial court sustained a demurrer to the replication, and, appellant declining to plead further, entered judgment final on demurrer.

It was not error to overrule appellant's demurrer to the plea, as the plea alleges that all charges for legal services had been passed upon, and that the amounts deemed to be reasonable had been paid. There is no room for the contention that any of the charges which had been passed upon favorably had not been paid. Appellant agreed to accept such fees as the Comptroller approved, and also agreed that the Comptroller's decision as to the amounts to be paid should be final. In the absence of fraud or bad faith, neither of which is charged, the contract was binding upon appellant. Kihlberg v. United States, 97 U. S. 398, 24 L. Ed. 1106; Butler v. Winona Mill Co., 28 Minn. 205, 9 N. W. 697, 41 Am. Rep. 277. The replication failed to allege that the Comptroller ever agreed to surrender his right to make final decision as to fees. His reply to appellant's telegram meant nothing more than that the acceptance by appellant of a payment, which purported to be in final settlement, should not operate as an estoppel or preclude him from convincing the Comptroller if he could that the fees allowed were less than should have been paid. The replication neither denies nor confesses and avoids the averment of the plea as to compensation and the effect agreed to be given to the Comptroller's final decision; and it therefore was not error to sustain appellee's demurrer to it.

The judgment is affirmed.