W. S. ALYEA, *et al.*, v. H. M. HAMPTON

150 So. 242.
Division B.
Opinion Filed September 22, 1933.

*J. C. Davant,* for Appellants;

*Scofield & Scofield,* for Appellee.

BUFORD, J.—Appellee filed suit against the appellants to enjoin Edith M. Wismer from assigning or disposing of, or satisfying, certain judgments; to have a lien declared upon said judgments in favor of the complainant and that the judgments create a lien upon the claim, right and title of one J. Wismer in all certain property in Citrus County; that the assignment to the said Edith M. Wismer be held void and on final hearing the injunction be made perpetual; and that the lien of the complainant be determined to exist upon certain lands involved in an ejectment suit to the extent of one-half of such land and that the Clerk of the Circuit Court be enjoined and restrained from recording the assignments to Edith M. Wismer and from filing or recording a satisfaction in whole or in part, or permitting the satisfying of, said judgments.

It was alleged in the bill of complaint that the complainant as an attorney at law had represented one W. S. Alyea in two certain law suits and that he had a definite agreement with the said Alyea that he should have for his fees for his services rendered a certain proportion of the judgment recovered in one case and that he should have one-half of the land recovered in the other case, together with a certain portion of the judgment recovered in that case. That recovery was had in both cases and that Wismer and Alyea got together and made a pretended settlement and compromise of the two judgments. That Wismer paid Alyea $1000.00 and that Alyea at the request and

direction of Wismer, assigned the judgments to Edith M. Wismer, the daughter of J. Wismer. That Edith M. Wismer paid no consideration for the judgments and that the assignment was made for the purpose of defeating the lien and claim of the complainant against the judgments. That the assignments had been placed in the hands of the Clerk of the Circuit Court for record but had not been recorded. The bill alleged that Wismer had full knowledge of the services rendered by the complainant, of his status as attorney and of his lien as attorney upon the judgments.

There was a demurrer to the bill of complaint which was overruled. From the order overruling the demurrer appeal was taken.

The main contention of the appellant is that the complainant in the court below could not have a lien based upon the amount of his fees as contracted for, but must rely for recovery upon *quantum meruit*. This contention is grounded upon the appellant's construction of what was said by this Court in the case of Carter v. Davis, *et al.,* 8 Fla. 183. His contention is not tenable. In that case the record failed to show any contract between attorney and client and, therefore, this Court held that the attorney could only recover on the basis of *quantum meruit*. But the opinion clearly indicates that had there been any definite contract between the parties prior to the rendering of the services then such contract might have been the basis of the recovery.

We think that the opinion and judgment in the case of Carter v. Davis, *et al., supra,* is sufficient authority upon which to affirm the order involved here.

In 6 C. J. 766, the writer says:

"The special or charging lien of an attorney is an equitable right to have the fees and costs due him for services in a suit secured to him out of the judgment or recovery in that

particular suit, the attorney, to the extent of such services, being regarded as an equitable assignee of the judgment. It is based on the natural equity that the plaintiff should not be allowed to appropriate the whole of a judgment in his favor without paying thereout for the services of his attorney in obtaining such judgment. It is an exception to the general rule in that it lacks the element of possession which is essential to ordinary liens, and for this reason such liens, strictly speaking, did not exist at common law. In fact the use of the term 'lien' in this connection has been criticized as inaccurate, and the right of the attorney has been said to be merely a claim to the equitable interference of the court. The existence of the lien was, however, recognized in several early English cases and it now exists in more jurisdictions either by statute or by virtue of judicial decision."

And, on page 769, it is further stated:

"An agreement between attorney and client that the attorney shall have a lien on the judgment is decisive as to the existence of the lien and its amount, and constitutes a valid equitable assignment of the judgment *pro tanto* which attaches to the judgment as soon as it is entered. In some jurisdictions a contract between an attorney and a client for the payment of the attorney out of the judgment recovered or to be recovered operates as an equitable assignment of the fund *pro tanto* and creates a lien on the specific fund, provided it appears to be the intention of the parties that the fund itself is to be looked to for security."

For the reasons stated, the order appealed from should be affirmed.

It is so ordered.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.