**CHANCEY v. BAUER et al.***

No. 8704.

Circuit Court of Appeals, Fifth Circuit.

June 7, 1938.

SIBLEY, Circuit Judge, dissenting in part.

C. A. Hiaasen, of Fort Lauderdale, Fla., for appellant.

*Rehearing denied 97 F.2d 994.

Harold W. Fraser, of Toledo, Ohio, and Bert Winters, of West Palm Beach, Fla., for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant is a lawyer, who, to recover fees claimed to have been earned in connection with a suit in the state court, intervened in a foreclosure proceeding in the Federal court, claiming a lien upon the bonds involved, and the funds realized therein. His claim was that the services he rendered in the state court suit were rendered for the holders of the bonds under a contract with the bondholders' committee in whom the title to, and authority over the bonds were vested, by a contract authorizing them to employ counsel, and to charge the expenses of the committee, including counsel fees, upon the bonds and their proceeds.

The defense was that the claim he made was for services rendered in another suit, under a contract personal in its nature, and carrying no charging lien; that the Federal court suit involved only the distribution of funds realized from the foreclosure, and unless he had a lien he could not maintain his intervention: (1) because his claim was in part against citizens of Florida, and was an effort to litigate in the main suit matters having nothing to do with it, and therefore not suable in it; and (2) because the leave to intervene was granted solely on the ground that he claimed and was asserting a lien, and if he had none, the intervention ought to be dismissed.

The claim asserted was for services in a long litigation in the state court, in which appellant had represented several interests, all harmonious, and all arranged for under the same employment. It has two bases, one, that his services have contributed to the recovery of the fund so as to give him a charging lien; the other, that he has a lien by contract.

 In Florida, as in most states, a lawyer has a retaining lien upon papers in his hands, and, according to the circumstances, a charging or equitable lien on recoveries obtained for his client in the suit for the services in which the charge is made. Carter v. Davis, 8 Fla. 183; Alyea v. Hampton, 112 Fla. 61, 150 So. 242; Scott v. Kirkley, 113 Fla. 637, 152 So. 721,

93 A.L.R. 661; 5 Am.Jur., Attorneys at Law, §§ 219 to 248, incl.; 7 C.J.S., Attorney and Client §§ 211 to 217, incl. Federal courts have always recognized and enforced these liens. United States ex rel. Payne v. Call, 5 Cir., 287 F. 520; Cooper v. McNair, D.C., 49 F.2d 778, 779. Cf. Webster v. Sweat, 5 Cir., 65 F.2d 109. In Florida, as elsewhere, the charging lien is an equitable right to have the costs and fees due him for services in the suit secured to him in the judgment, or recovery in that particular suit. 7 C.J.S., Attorney and Client, § 211. It is based on the natural equity that plaintiff should not be allowed to appropriate the whole of a judgment in his favor without paying for the services of his attorney in obtaining such judgment. Graeber v. McMullin, 10 Cir., 56 F.2d 497; Cohen v. Goldberger, 109 Ohio St. 22, 141 N.E. 656. No lien may therefore arise where there have been no proceeds recovered in the suit as to which the services are claimed. 5 Am.Jur. 395; Trustees of Internal Improvement Fund v. Greenough, 105 U.S. 527, 26 L.Ed. 1157. The value therefore of services rendered in one suit cannot be included in a judgment establishing the lien of an attorney for his fees on property recovered by his client in a different suit. Davis v. Webber, 66 Ark. 190, 49 S.W. 822, 45 L.R.A. 196, 74 Am.St.Rep. 81.

The proceedings in the state court were defensive throughout. Nothing was, nothing will be, recovered in that suit. No basis upon which a charging lien could attach exists for services rendered in it, indeed this has been specifically adjudicated as to appellant in the state court. "There is no fund arising out of that suit either in this court or the circuit court upon which petitioner [Chancey] could have any lien for his services as attorney, because there was no fund brought into the court in that suit." Vosges Syndicate v. Everglades Club Co., 122 Fla. 267, 164 So. 881, 886.

We do not understand that appellant claims the contrary. We understand his claim to be that the services in the state court suit, which was a controversy for control, permitted the Federal court foreclosure, in which he was also of counsel, to be proceeded with to a successful conclusion, and that he should have a lien on the foreclosure proceeds, on the theory that the state court defense was in effect ancillary and incidental to the Federal court suit, in which the fund was realized.

In support of this view he relies upon the text of 5 Am.Jur. at 396, Note 13, Newbert v. Cunningham, 50 Me. 231, 79 Am.Dec. 612, and on Cowdrey v. Galveston, H. & H. R. Co., 93 U.S. 352, 23 L.Ed. 950, and Louisville, Evansville & St. Louis R. Co. v. Wilson, 138 U.S. 501, 11 S.Ct. 405, 34 L.Ed. 1023.

We think it plain that none of these reliances will avail him. The state court suit, for services in which he makes claim, was in no sense, within the principles invoked, an ancillary or incidental suit to the Federal court foreclosure. In the Louisville, E. & St. Louis R. Co., Case the only allowance made was for moneys recovered by the attorney under an employment in the suit in which the allowance was made, for moneys recovered in a suit brought by him under that employment. His claims for services other than for the moneys recovered in that suit, and made available in the suit he was employed in, were expressly disallowed. In the Cowdrey Case the allowance was for services in connection with a bond foreclosure, rendered by an attorney employed by the trustee under an agreed fee, the court correctly holding that the bondholders could not displace him in the suit without compensating him. This rule is of universal application. Cf. Vosges Syndicate v. Everglades Club Co., supra. Appellant, then, has not made out a case upon his theory that the facts in connection with the state court services raised a charging lien on the Federal court funds.

We think he stands no better upon his other theory, that his employment by the Committee, authorized by the deposit agreement to employ counsel, and to charge the Committee expenses, including counsel fees, against the bond proceeds, gave him an equitable lien thereon. The books are full of cases discussing and laying down the conditions under which equitable liens and assignments will be held to exist, and the rights of lawyer and client thereunder.

They make it clear that where it sufficiently appears from the contract that it was understood and agreed that the lawyer was to look to a fund for his compensation, and that he undertook to and did perform the work in that reliance, any words or acts which clearly show an intention to give such a lien or assignment will be so construed and given effect. Texts cited supra, and United States Fidelity & Guaranty Co. v. Levy, 5 Cir., 77 F.2d 972, at pages 975, 976.

Here the only contract appellant had was with the Committee under an arrangement by which it was to fix the amount of his recovery. It is true that the Committee was obliged to act reasonably, and that appellant was entitled to a reasonable fee. McGill v. Cockrell, 88 Fla. 54, 101 So. 199; Crichlow v. Doepke, 5 Cir., 56 F.2d 599. Nothing in the contract, however, gives rise to the view that the bonds, or any part of them, were assigned to him, or charged with a lien in his favor. We think it plain that he stands with nothing but a personal contract, to be enforced as such, and that he has no lien upon the funds. So much of the decree, then, as adjudges that he is without lien and dismisses him from the suit, is affirmed. Cf. Lone Star Cement Corp. v. Swartwout, 4 Cir., 93 F.2d 767; Kuppenheimer v. Mornin, 8 Cir., 78 F.2d 261, 264, 101 A.L.R. 75.

But this is not all that the decree did. In the course of his efforts to obtain satisfaction appellant, invoking Sec. 5003, Comp.Gen.Laws, 1927 of Florida, filed suit in the state court against absent defendants and a local trust company, trustee for the holders of the bonds, to obtain an order requiring it to withhold, and not to pay over to absent defendants out of funds it should receive under the terms of the Federal court decree, a named sum sufficient to pay appellant's claim. Upon his petition in that suit the Judge, acting under the terms of the statute,[1] ordered the Trust Company to withhold the sum. Thereupon

---

1 "If any suit shall be commenced for relief in equity in any court against any defendant residing out of this State, and any other defendant within the same having in his hands effects of, or being otherwise indebted to, such absent defendant, and the appearance of such absentee be not entered and security given to the satisfaction of the court for performing the decree, upon affidavit that such defendant is out of the State, or that upon inquiry at his usual place of abode he cannot be found so as to be served with process, the court may make an order and require surety, if it shall appear necessary, to restrain the defendant in this State from paying or conveying away, or secreting the debts by him owing to, or the effects in his hands, of such absent defendants, or to restrain the absent defendant from conveying away or secreting or removing the property in litigation, or make an order sequestrating the property which may be necessary to secure

an order was obtained in the Federal court directing the Trustee to disobey the state court's order, and enjoining appellant from further proceeding with the state court suit. This order was entered on the ground that the funds sought by the state court's order were in custodia legis in the Federal court, and that appellant's proceeding, in effect an equitable garnishment, was an interference with the prior custody and control of the Federal court. Thereafter, appellant, having secured a modification of the state court decree so as to expressly provide that it should apply to the funds in the hands of the trustee, after, but not before, they had been taken over by it under the Federal court decree, applied to the Federal court for a dissolution of the injunction against him from further prosecuting that suit. This application was denied, and in the final decree on his intervention, appellant was not only refused leave to assert claim to the funds there, but was enjoined from asserting claim in the state court. In this the District Court erred.

 The invoked statute, designed to protect citizens of Florida from being overreached by absent debtors, and to aid them in the collection of moneys due, was within the province of the State Legislature to enact, and of the state court to enforce. The order of the state court certainly as modified, did not seek to, it did not, in any sense interfere with or attach to moneys in custodia legis. As drawn, it had application to, and it affected only, moneys in the hands of the Trust Company, defendant, after they had passed out of the custody of the court, and into that defendant's hands for distribution. The funds would then stand, and the Trust Company would stand to them, as custodian or possessor, in the same case as though it had obtained the funds other than by court decree. The equitable seizure of the state court proceeding therefore, would attach to them in the same case.

The District Judge, in dismissing appellant's intervention, should have dissolved the injunction he was under, and remitted him unhampered by the Federal court proceedings, to such remedy as he had in the state court.

The judgment, therefore, insofar as it dismissed the intervention, is affirmed. Insofar as it refused to dissolve the injunc-

tion, it is reversed and the injunction is dissolved.

Affirmed in part and reversed in part.

SIBLEY, Circuit Judge (dissenting in part).

The District Court should, as the majority opinion holds, have permitted the appellant to prosecute his remedy in the State court if it could itself afford him none. But I think he had a lien upon the fund which the District Court is about to distribute and that in consequence the District Court should have given him relief. The lien does not arise from appellant's being an attorney at law, but rests upon the fact that he is a creditor of a trust estate which is charged with the payment of his debt, he having no personal debt against anyone. The bondholders protective committee were trustees of the bonds and their proceeds. Bullard v. City of Cisco, 290 U.S. 179, 54 S.Ct. 177, 78 L.Ed. 254, 93 A.L.R. 141. By the deposit agreement creating the trust they were authorized to employ an attorney at law to do what appellant did, and pay him out of the bonds or their proceeds. He sought an exact understanding touching his pay and the Committee twice informed him in writing that his fees were a charge against the bonds. The testimony is uncontradicted that the Committee assumed no personal liability to him. The District Court itself has undertaken to convert the bonds and the mortgage securing them into an investment in the mortgaged property by allowing the trustee to buy it in at foreclosure sale and operate it. It has again by having the trustee sell the property converted the bond interests into cash, which it is now about to administer. Appellant ought to be paid whatever amount is due him out of that money. It is his only source of payment. Equity calls his right a lien. "Every express executory agreement in writing, whereby the contracting party sufficiently indicates an intention to make some particular property, real or personal, or fund, therein described or identified, a security for a debt * * * creates an equitable lien upon the property so indicated, which is enforceable against the property in the hands, not only of the original contractor, but of his heirs, * * * and * * * incumbrancers with notice."

the plaintiff if he finally succeeds; and may order such debts to be paid, and effects to be delivered up to said plain-

tiff, upon his giving sufficient security for the return thereof."

Walker v. Brown, 165 U.S. 654, 665, 17 S.Ct. 453, 457, 41 L.Ed. 865. The language was repeated and applied to sustain an attorney's claim in Ingersoll v. Coram, 211 U.S. 335, 29 S.Ct. 92, 53 L.Ed. 208. It fits the present case. The District Court could and should have enquired into and enforced the lien against the fund in its hands for administration.