872

## BARNES v. FEDERAL DEPOSIT INS. CORP.

Civ. No. 4784.

United States District Court
N. D. New York.

Sept. 29, 1953.

Lawson Barnes, Syracuse, N. Y., for plaintiff.

Judd & Gurfein, New York City, and Tucker & Bisselle, Utica, N. Y., Royal L. Coburn and John L. Cecil, Washington, D. C., for defendant.

FOLEY, District Judge.

The plaintiff. an attorney at law, sues for the sum of $15,515 for legal services rendered to the defendant corporation, a government agency. The complaint contains two separate counts for the basis of relief requested. The services involved concededly cover the unusually long period of approximately nine years and four months. The first cause of action is based upon an alleged account stated between the parties in the amount demanded in the complaint, and the second cause of action for the same sum is based upon the reasonable value of legal services performed from January 1941 until the date of the termination of such employment by the defendant in May 1950.

The defendant by affirmative defense in its answer sets up an "Attorney's

Agreement" signed by the plaintiff on April 24, 1940. Upon such agreement set forth in the affirmative defense only, the defendant now moves for summary judgment. Such an affirmative defense, although not appearing upon the face of the complaint, may properly be established upon this type of motion as the grounds for summary disposition. See Suckow Borax Mines Consolidated v. Borax Consol., 9 Cir., 185 F. 2d 196, 205; certiorari denied 340 U.S. 943, 71 S.Ct. 506, 95 L.Ed. 680; Id., 341 U.S. 912, 71 S.Ct. 620, 95 L.Ed. 1349.

This formal agreement signed by the plaintiff with the defendant corporation contains this express provision as to fees: "The undersigned attorney at law, in consideration of his employment as special attorney for the Federal Deposit Insurance Corporation * * * agrees that all fees for services rendered the Corporation will be reasonable and subject to the approval of the Board of Directors of the Federal Deposit Insurance Corporation, whose decision as to the amount of such fees shall be final and binding upon the attorney."

The plaintiff on May 24, 1950, submitted a detailed statement of services rendered, concluding with a computation of total hours involved and requesting the sum of $15,515 for the particular services rendered. The Board of Directors on May 7, 1951, fixed the fee at $5,000 and the plaintiff was so informed by letter May 14, 1951. It was by letter dated April 10, 1951, that the plaintiff notified the defendant that the bill or statement previously rendered had become an account stated for the sum of $15,515.

Despite the usual reluctance to grant such summary motions as herein, where factual issues may be present, it is clear that under established law the defendant must prevail. The import of the judicial doctrine established in U. S. v. Moorman, 338 U.S. 457, 70 S.Ct. 288, 94 L.Ed. 256 and U. S. v. Wunderlich, 342 U.S. 98, 72 S.Ct. 154, 96 L.Ed. 113, in relation to such governmental agreements as herein, providing for the finality of decision by the agency, cannot be avoided. The strength of the majority doctrine is emphasized by the dissents in the Wunderlich case, 342 U.S. beginning at page 101, 72 S.Ct. beginning at page 156. A similar clause in a similar situation was upheld in Crichlow v. Doepke, 5 Cir., 56 F.2d 599. Fraud, alleged and proved, on the part of the Board of Directors of the defendant in determining the amount of fee, would be the only exception to the finality of decision agreed to by the parties. U. S. v. Wunderlich, supra.

The reason for the distress of the plaintiff is apparent but his express agreement as to the procedure for fixing the fees in my judgment forecloses his action. There is no statutory authority for the review of such decision. The plaintiff seeks to place the burden of reasonableness upon the Board of Directors but the term "reasonable" in the agreement clearly requires the attorney at law involved to promise his fees for services rendered will be reasonable.

The contention of the plaintiff that the long interval during which his statement of services was considered by the Board of Directors and the legal staff of the defendant, together with his affirmative action by letter, changed the status of the matter into an account stated seems a specious argument. Government machinery necessarily moves slowly at times and there was no disavowal or revocation of the terms of the agreement by the defendant corporation at any time. The submission of the detailed statement of services was in accordance with the usual custom as known to the plaintiff in previous instances. To hold with the plaintiff in this respect would allow unilateral change of the clear terms of the agreement that the fees are subject to the approval of the Board of Directors of the defendant corporation.

Likewise, the arguments advanced by the plaintiff that the termination of employment allows him to sue in quantum meruit, and the retainer herein involved was a special one outside the Attorney's agreement do not have merit in my judgment. Both are answered by the agreement itself. The agreement states "that

874

either the attorney or the Federal Deposit Insurance Corporation may terminate this employment at will." Then, "The terms hereof shall also extend to every employment or service by the attorney whether in connection with the bank named herein, or any other bank, or other matter * * * also extend to any employment or service by the attorney to the Corporation, or its representatives, as receiver or other fiduciary."

Under my reasoning, it is not my province to enter the dispute as to the reasonableness of the allowance nor the method of determination. The question is one of law and must be decided for the defendant. Nahtel Corp. v. West Virginia Pulp & Paper Co., 2d Cir., 141 F.2d 1.

Summary judgment may enter for the defendant dismissing the complaint herein as a matter of law.