PER CURIAM.
The plaintiff, an attorney, appeals a judgment dismissing his complaint for the enforcement of a lien claimed under § 85.09,. Fla.Stat., F.S.A. The only question is-whether § 85.09, supra, provides a lien for-the services of attorneys. In Florida, as in. most states, a lawyer has a retaining lien upon papers in his hands and according to-the circumstances, a charging or equitable lien on recoveries obtained for a client in> the suit for the services in which the charge is made. Chancey v. Bauer, 5 Cir., 1938, 97 F.2d 293, 294; Billingham v. Thiele, Fla., App.1958, 107 So.2d 238, 243.
It was expressly held in Nichols v. Kroelinger, Fla.1950, 46 So.2d 722, 724, “under-the common law his [attorney’s] lien attached to the judgment and since we have-no statute in this State modifying or repealing the common law or protecting the lien, the common law is still in effect, * * * Section 85.09, supra, became a law in Florida many years prior to the-decision in the last-cited case. It has therefore been determined that this statute does-not apply to or create an additional attorney’s lien.
Affirmed.
HORTON, C. J., and PEARSON and; CARROLL, CHAS., JJ., concur.