## COOPER v. McNAIR.
### No. 660.

District Court, S. D. Florida.
May 12, 1931.

Charles P. Cooper, of Jacksonville, Fla., in pro. per.

Frank D. Upchurch, of St. Augustine, Fla., for defendant.

STRUM, District Judge.

This is a suit in equity, a motion to dismiss the bill being now under consideration.

While it was a going concern, the First National Bank of St. Augustine employed plaintiff, an attorney, to represent it in certain litigation against the receiver of Farmers' Bank & Trust Company of West Palm Beach, seeking to establish a preferred claim in favor of the St. Augustine Bank against the assets of the Farmers' Bank, the latter bank being then in process of liquidation.

Plaintiff instituted suit pursuant to his employment by the St. Augustine Bank, his duties therein requiring considerable skill and work extending over a long period of time. The suit was not concluded when the St. Augustine Bank suspended and a receiver was appointed to wind up its affairs.

The receiver of the St. Augustine Bank requested plaintiff to continue the prosecution of the suit against the receiver of the Farmers' Bank, but upon the condition that plaintiff's compensation would be subject to the approval of the Comptroller of the Currency, whose decision would be final. Plaintiff declined to assent to such condition, whereupon the receiver of the St. Augustine Bank discontinued plaintiff's services and continued the conduct of the suit through other counsel, carrying the same forward from the point to which plaintiff had brought it as counsel for the St. Augustine Bank.

Plaintiff then brought the present suit against the receiver of the St. Augustine Bank to recover for his services, both past and prospective. Plaintiff's theory is that since the defendant receiver adopted and continued the suit against the receiver of the Farmers' Bank as a part of the defendant's administration of the affairs of the St. Augustine Bank, the defendant receiver obtained the benefit of all the prior proceedings in the first mentioned suit, thus accepting plaintiff's services; that it thereupon became the receiver's suit from the beginning, and as much a part of the administration of the affairs of the St. Augustine Bank as if the receiver had originally commenced said suit after he became receiver. From this premise plaintiff contends that he is entitled to compensation for his services as an expense of administration, and payment thereof ahead of general creditors of the St. Augustine Bank.

We are not now concerned with the value of plaintiff's services. The question now presented is whether or not plaintiff, as against the receiver, is entitled to a lien or other right of preference cognizable by a court of equity.

In the absence of statute, federal courts recognize no lien in favor of attorneys beyond that given by the local law. 6 C. J. 766, and cases cited.

The receiver takes the bank's property and rights as he finds them, thereafter liquidating the same as his judgment dictates for the benefits of the interests he represents, subject to the supervisory authority of his superior administrative officers, and, perhaps, in very rare cases subject to judicial intervention. Ordinarily, a receiver is not obligated to carry out the executory contracts of the

owner of the estate being administered, unless the receiver elects to be bound thereby, which election may sometimes be found in the acceptance by the receiver of the benefits of an existing contract. 23 R. C. L. 74.

The situation here, however, differs vitally from that in Girard Life Ins. Co. v. Cooper, 162 U. S. 529, 16 S. Ct. 879, 40 L. Ed. 1062, relied upon by plaintiff, wherein a receiver elected to continue an existing executory contract for the construction of a building in course of construction when the receivership commenced, and in doing so deliberately accepted the benefits of prior construction work, in which situation the receiver was held liable for both prior and subsequent work. See also South Carolina & G. R. Co. v. Carolina, etc., Ry. Co. (C. C. A.) 93 F. 558.

A party has a general right to change his attorney, leaving to the attorney the advantage of any lien he may have upon the fruits of his labor or upon papers or moneys in his hands as security for his services, a client always being responsible, of course, for the consequences of breaching his contract with his attorney. Texas v. White, 10 Wall. 483, 19 L. Ed. 992. In such a situation, the attorney has his action at law, or a timely suit in equity to impress an attorney's charging lien upon the fruits of his labor. 6 C. J. 676.

The bank itself could have discontinued plaintiff's services, leaving plaintiff to the recourses just stated. The same course is open to the receiver.

When the bank suspended, plaintiff was a common creditor thereof, with an inchoate right to a charging lien. Intervention of the receivership neither diminished nor enlarged plaintiff's status as a creditor. Discontinuance by the receiver of plaintiff's services operated neither to plaintiff's prejudice nor to his advantage so far as his recovery for past services is concerned. As plaintiff himself argues in his brief, the receiver's status "is only that of the Bank in the suit." The same observation necessarily applies to plaintiff's compensation. Having elected to discontinue plaintiff's services, as he had a right to do, the receiver's liability is the same as that of the bank. Plaintiff cannot create for his prior services to the bank the status of a preferred expense of administration merely because the receiver elected to proceed through other counsel with the suit originally brought by plaintiff. The bank itself could have discontinued plaintiff's services just as the receiver did, subject to the recourses already stated. Such action would not have

raised the dignity of plaintiff's status as a creditor of the bank. Appointment of a receiver, and his election to further prosecute the suit, of itself, adds nothing to plaintiff's rights.

Plaintiff's services were performed prior to the appointment of a receiver. Plaintiff's fee for past services did not accrue during the existence of the receivership, nor did the receiver assume its payment, nor did he elect to perform the bank's executory contract with plaintiff. For the receiver to proceed with the suit instituted by plaintiff is not such an acceptance of the benefits of plaintiff's executory contract with the bank as to create a liability against the receiver for plaintiff's past services, such as the acceptance of the benefits of a building contract by continuing the executory contract for the construction thereof, because the nature of the relation between attorney and client is such that the client may always discontinue the services of his attorney, leaving the attorney to the recourses already stated for his past services. 6 C. J. 676.

The receiver, however, takes the bank's estate cum onere. Therefore, the asset represented by the suit against the Farmers' Bank passes to the receiver subject to its burdens.

By timely action, plaintiff may seek the establishment and enforcement of the same attorney's charging lien he would have had, as against the bank, upon the product of his labor. Interpreted, however, as a bill to establish an attorney's charging lien, the bill is premature. An attorney employed to prosecute a demand has a lien for his fees or compensation upon any judgment or recovery obtained through his services, which lien will be protected in equity against any unfair dealings of the client. Carter v. Davis, 8 Fla. 183; Texas v. White, supra, and note thereto in 19 L. Ed. page 992. Until there has been a recovery, however—and there had been none when his suit was brought—there is nothing to which an attorney's charging lien can attach. See cases cited in note to Texas v. White, supra; also, 6 C. J. 778.

Plaintiff urges that his services contributed to the enhancement of the assets passing to the receiver, since the receiver secured the benefit of plaintiff's prior labor. This question, however, can be answered only when that litigation has been concluded. Whether plaintiff's services in the suit against the Farmers' Bank—though undoubtedly skillful and able—will result in benefit to the interests represented by the receiver was undetermined

when this bill was filed, since there had been no recovery.

In Louisville, etc., R. Co. v. Wilson, 138 U. S. 501, 11 S. Ct. 405, 34 L. Ed. 1023, relied upon by plaintiff, there has been a "recovery" through the efforts of the plaintiff, which recovery had benefited the estate in the hands of a receiver. Consequently, an equitable lien in the nature of an attorney's charging lien was decreed. The attorney's compensation there involved was not held to be an expense or obligation of the receivership.

The bill also asserts a lien in the nature of an attorney's retaining lien against certain documents pertaining to the suit against the Farmers' Bank, which documents were delivered by the St. Augustine Bank to the plaintiff and are now in plaintiff's custody. Such a retaining lien, however, like other mere possessory liens, is purely passive, being a bare right to hold possession until payment. It cannot be actively enforced. It is of value to the attorney only in proportion to the extent that such retention by him will embarrass the client. In re Wilson (D. C.) 12 F. 235, 238; In re Eighth Avenue, 82 Wash. 398, 144 P. 533; Adams v. Fox, 40 N. Y. 577; Fowler v. Lewis' Adm'r, 36 W. Va. 112, 14 S. E. 447; 6 C. J. 803, 766, 770.

The motion to dismiss should be granted. So ordered.