### REID v. ADERHOLD, Warden. *
### No. 6800.

Circuit Court of Appeals, Fifth Circuit.
May 19, 1933.

*Rehearing denied July 12, 1933.

William J. Reid, of Atlanta, Ga., in pro per.

Clint W. Hager, U. S. Atty., and Hal Lindsay, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment dismissing a petition for a writ of habeas corpus. It appears from the allegations of the petition that appellant was convicted in the Supreme Court for the District of Columbia on three counts of an indictment charging forgery of a check for $10,000 and uttering same to two different persons. The maximum sentence of ten years' imprisonment was imposed on each count, the sentences to be cumulative and to be served consecutively. Counsel assigned to appellant by the court noted an appeal in open court, and then, by leave of court, withdrew from the case. An appeal to the Court of Appeals for the District of Columbia was granted in forma pauperis, but a request for the appointment of counsel to prosecute the appeal was denied. Appellant presented his bill of exceptions to the court within the delay allowed for that purpose, but some two years thereafter another bill of exceptions was presented by the United States attorney and was settled and signed by the judge. The appeal was prosecuted, and the conviction was affirmed. Read v. United States, 55 App. D. C. 43, 299 F. 918. The petitioner was delivered to the warden of the federal penitentiary at Atlanta on October 31, 1925, when his cumulative sentence of thirty years began to run.

Petitioner contends that he was denied due process of law, on the following grounds: (1) Because the Supreme Court of the District of Columbia declined to appoint counsel to prepare his bill of exceptions and to prosecute his appeal; (2) that the bill of exceptions settled and signed was presented by the United States attorney over two years after the time for presenting had expired; that it was presented without notice to him, and did not contain a true transcript of the proceedings at the trial; (3) that under the statute there was only one offense, the maximum penalty for which was ten years' imprisonment. He seeks release on the ground that with deductions for good conduct allowed by law and earned a sentence of ten years had expired.

The warden made no return to the petition for the writ of habeas corpus. The District Court filed no opinion, and the government has not filed a brief on appeal. This has materially added to our labors in considering the case, notwithstanding appellant, appearing pro se, has filed an excellent and very comprehensive brief.

Conceding, for the purpose of argument, that a person accused of crime is entitled to the assistance and advice of counsel at every stage of the proceeding and that a denial of that right would deprive him of due process of law, it appears from the report of the case that appellant was represented by three attorneys on the hearing of his appeal in the Court of Appeals for the District of Columbia, Read v. U. S., 55 App. D. C. 43, 299 F. 918. It further appears that, after the case was first submitted, a reargument was granted. It is not usual to appoint counsel to represent the defendant in a criminal case on appeal, and it is evident that the petitioner did not suffer by the refusal of the trial court to do so. The preparation of the bill of exceptions is primarily the duty of counsel for appellant. Counsel for appellee has the right to urge objections to the bill so made up and presented. However, in the last analysis, it is the duty of the court to sign and settle a proper bill of exceptions. Neither counsel can control the court in that respect. While there was apparently an unreasonable delay on the part of the government in presenting its version of the bill of exceptions, the court did not lose jurisdiction to settle it, as the bill prepared by appellant had been presented in time. Davis v. Patrick, 122 U. S. 138, 7 S. Ct. 1102, 30 L. Ed. 1090. It does not appear that any question was raised on the appeal as to the sufficiency or truthfulness of the bill of exceptions. We must hold that there was no denial of due process of law at any stage of the case.

The indictment charged violations of section 843 of the Code of the District of Columbia 1901 (D. C. Code 1929, T. 6, § 86). So far as necessary to quote, that section provides: "Whoever, with intent to defraud or injure another, falsely makes or alters any writing of a public or private nature, which

112

might operate to the prejudice of another, or passes, utters, or publishes, or attempts to pass, utter, or publish as true and genuine, * * * with the intent to defraud or prejudice the right of another, shall be imprisoned for not less than one year nor more than ten years."

The Court of Appeals held that the statute is disjunctive, and, relying on Burton v. U. S., 202 U. S. 344, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362, held that petitioner had been properly convicted of three separate offenses under the statute.

At common law forgery and uttering were different substantive crimes. Bishop's New Criminal Law, §§ 523–605. The rule is well settled that, where different offenses denounced in the same statute require different proof, a person may be found guilty of more than one offense under the statute. Petitioner might have been guilty of forging a check without having attempted to utter it, and he might have been guilty of separately uttering it to two or more people without having forged it. It is apparent the three offenses charged in the indictment required different proof to substantiate the charges. Whether the evidence was sufficient is not open to inquiry on habeas corpus.

It follows that appellant is not entitled to relief in this case. It is not our province to criticize the sentence imposed. That is a question which addresses itself to the consideration of the executive or to those authorized to grant parole in proper cases.

Affirmed.