H. M. FORMAN, et al. as Members of and constituting the Board of Supervisors of Napoleon B. Broward Drainage District, and NAPOLEON B. BROWARD DRAINAGE DISTRICT, a public corporation, v. JOHN D. KENNEDY.

22 So. (2nd) 890                                    June Term, 1945
July 24, 1945                                        Division A

*Maxwell Baxter,* for appellants.

*John Kennedy,* in proper person and *Louis F. Maire,* for appellee.

BUFORD, J.:

By this appeal we are required to review a final decree entered in a suit in which an attorney sought to enforce a lien for agreed attorney's fees as against a fund which had been recovered pursuant to a compromise settlement of the judgment recovered by the attorney.

The compromise settlement was negotiated and made over the protest of the attorney and after notice to client that in case of such compromise settlement he would demand payment of his full agreed contingent fee based upon the amount of the judgment which had been recovered by him.

The Chancellor on issues joined and testimony submitted, made, in the final decree, specific findings of fact to which he applied applicable law and entered judgment in favor of the plaintiff-attorney. In entering the decree the learned Chancellor, said, inter alia:

"The only question necessary to be adjudicated in this proceeding is whether or not the measure of compensation of the attorney for services rendered under the contract should be based on the amount of the judgment entered or upon the amount paid to the District by reason of the compromise settlement between the said District and its judgment debtor.

" 'By the weight of authority, where an attorney is employed on a contingent fee consisting of a percentage of the amount recovered, the amount for which the case is settled is the basis on which the attorney's percentage is to be computed, .......... There are, however, decisions to the effect that when an attorney contracts for a contingent fee to depend upon the result of the suit, *and the client compromises such suit without the consent of the attorney, the latter will be entitled to recover the whole amount of the fee* in like manner as if the contingency had transpired upon which the payment of the fee was made to depend. This rule has, however been sometimes limited to cases where the evidence fails to show what would have been the result of the litigation had the

compromise not been made, it being deemed unreasonable to hold that an attorney should receive compensation on the basis of a successful termination of the suit, where the evidence affirmatively shows that such would not have been the result.' 5 Am. Jur. 383-384, and the cases cited in the footnotes thereto. ' (Italics supplied.)

"It is the settled law in this State that an attorney contracting for a portion of the recovery is entitled to a lien on the judgment. Alyea v. Hampton, 150 So. 242; Scott v. Kirtley, 152 So. 721. The above cases are also authority for the holding that a contract between an attorney and client for payment of the attorney out of the judgment recovered operates as a equitable assignment of the fund pro tanto and creates a lien on the specified fund. In the case of Webster v. Sweat, 65 Fed. (2nd) 109, it was held in an opinion by Judge Bryan that:

" 'An Attorney also has a special or charging lien which entitles him to have his fee in any particular case paid out of the judgment which he recovers. He is considered as assignee of the judgment to the extent of his fee.' (citing cases).

"Also see Higley v. White, 15 So. 141; Knabb v. Mabry, 188 So. 586, 10 So. (2nd) 330; Miller v. Scobie, 11 So. (2nd) 892; Cooper v. McNair, 49 F. (2nd) 778; Graeber v. McMullin, 56 F. (2nd) 497; Chancey v. Bauer, 97 F. (2nd) 293; In re: McCormick's Estate, 182 A. 485.

"It has also been held that where the attorney has a contract for a definite fee and has substantially performed the services for which he was employed, he is entitled to the full amount of the fee agreed upon. Mizner Land Corporation v. Abbott, 175 So. 507; Goodkind v. Wolkowsky, 180 So. (2nd) 553.

A settlement by a client after an attorney's lien has attached will not be permitted to interfere with such lien and settlement does not affect the existing lien of such attorney.

" 'Further it is particularly true that after judgment and after the lien has been properly perfected by notice *or otherwise,* a compromise cannot prejudice the attorney's right to enforce the judgment to the extent of the lien.' 6 C.J.S. 1180—83, par. a. (Underscoring supplied).

"While there is no case in Florida directly in point, I am of the opinion, in view of the above cited authorities, that the plaintiff here is entitled to recover fifteen per cent of the amount found due in the judgment. The record discloses that the judgment was against a solvent debtor. It is reasonably certain that the full amount of the judgment would have been realized over a period of years. The plaintiff had substantially complied with the terms of his contract of employment; nothing remained to be done except to enforce the judgment entered as a result of his efforts in accordance with the terms thereof. His client had the right to compromise the judgment but such compromise should not be permitted to defeat him in the collection of the full amount for which he had contracted.

"The decision in the case of Chreste v. Louisville Railway Company, 180 SW 9, states, in my opinion, what should be the controlling law in this case. There, as here, the judgment had been entered against the defendant as a result of the efforts of the attorney. The contract with the client provided that the fee of the attorney should be fifty per cent of the amount recovered on his claim. The judgment for One Thousand Dollars ($1000.00) was settled by the client for Three Hundred Dollars ($300.00). The court held that the attorney cannot be deprived of any portion of the fee to which he was entitled under and by virtue of his contract of employment, and that the amount of the judgment, and not the amount of the compromise, controls."

We find no reversible error in the decree and the same is affirmed.

So ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.