**UNITED STATES of America,**
**Appellant,**

v.

**TRANSOCEAN AIR LINES, INC., et al.,**
**Appellees.**

**No. 21877.**

United States Court of Appeals
Fifth Circuit.

Feb. 23, 1966.

Harvey L. Zuckman, Sherman L. Cohn, Attys., Dept. of Justice, Washington, D. C., John W. Douglas, Asst. Atty. Gen., William A. Meadows, Jr., U. S. Atty., Alan S. Rosenthal, Attorney, Department of Justice, Washington, D. C., for appellant.

Joseph A. Perkins, John Houston Gunn, Miami, Fla., for appellees.

Before JONES and BELL, Circuit Judges, and JOHNSON, District Judge.

WARREN L. JONES, Circuit Judge:

Transocean Air Lines, Inc., which is nominally an appellee in this cause, was one of several irregular air carriers which were engaged during the Korean conflict in transportation for the account of the United States. A dispute arose between the carriers, or some of them, and the Government resulting in litigation in the District Court for the Southern District of Florida. This Court, in 1960, set out the basis upon which the carriers were to be compensated. United States v. Associated Air Transport, 5 Cir., 275 F.2d 827. Transocean had intervened as a plaintiff in the action in August of 1957, more than eight years ago. It employed as counsel Messrs. Jeptha P. Marchant and Joseph A. Perkins of the Miami bar to represent it in the litigation and agreed to compensate them with a one-

third interest in any judgment, with authority to collect the proceeds of any judgment and retain their one-third interest before remitting the balance. The judgment of this Court was issued on April 19, 1960. On July 14, 1960, the district court entered a judgment upon the opinion and mandate of this Court. It was provided in this judgment that the parties, the plaintiff-intervenors, including Transocean, and the Government should immediately confer and attempt to reach an agreement. In the event of a disagreement as to the amount due on any of the claims, a reference should be made to a commissioner or special master appointed in the judgment. At this juncture the Government filed an accounting showing the balance, as computed by it, of $69,785.70 owing by it to Transocean.

Transocean, after an unsuccessful effort to get its affairs worked out by a Chapter XI Bankruptcy arrangement, became a conventional bankrupt and John Costello was appointed as its Trustee. The bankruptcy proceedings are in the District Court for the Northern District of California. In the bankruptcy proceeding the United States asserted priority claims in excess of $500,000. The United States and the Trustee in Bankruptcy, in California, stipulated that the Florida litigation would be settled for $75,000 by a credit upon the claim of the Government. This agreement was approved by the district court in California. The next move was the filing, in the district court of Florida, of a paper which, before the adoption of the Rules, might have been styled a praecipe. It was styled "Dismissal with Prejudice" and was addressed to the clerk. It authorized and directed the entry of a dismissal with prejudice of the intervention of Transocean. It was signed by the Trustee and his California counsel. A motion was made in the names of "Transocean Air Lines, Inc., and/or Jeptha P. Marchant and Joseph A. Perkins" reciting that as a result of the compromise for $75,000 Marchant and Perkins became entitled to a minimum of $25,000 and that noth-

ing remained to be done in the litigation except a simple accounting. The motion sought the "Dismissal with Prejudice" be stricken and that the clerk be instructed to file nothing except on order of the Court. In the alternative, Messrs. Marchant and Perkins asked for judgment of not less than $25,000. California counsel for the Trustee sent Marchant and Perkins a telegram stating that the latter were not authorized to move to vacate the dismissal on behalf of the Trustee.

A judgment was entered by the district court vacating the clerk's entry of dismissal, reciting a compromise settlement of $75,000, and adjudging that Transocean recover $75,000 from the United States. On the day after the entry of the judgment, Marchant and Perkins filed a petition asserting a charging lien for their attorneys' fees to the extent of the agreed third of the recovery. After a hearing, the court entered an order allowing "a charging lien to the extent of their fee to be determined upon the judgment and/or funds" due to Transocean. The Government has appealed from the judgment and the order allowing the lien.

■■■■ The Government insists that it was error for the district court to strike the Trustee's dismissal. The adjudication in bankruptcy of Transocean did not, of itself, substitute the Trustee in bankruptcy in the litigation pending in Florida. There should have been a motion and an order. Since the Trustee did not seek to be substituted for Transocean, it did not become a party. Rule 25(c) Fed.Rules Civ.Proc., 28 U.S.C.A.; Liberty Broadcasting System v. Albertson, W.D.N.Y. 1953, 15 F.R.D. 121. In one of the hearings before the district court an attorney was present who announced that he was there as an observer for the California counsel for the Trustee but for no other purpose. It might be assumed that the Trustee wished to avoid any act that might be regarded as the act of a party to the cause. Even though the bankruptcy Trustee had become a party, which he did not, the dismissal could not have been effected without an order of the court.

Only when there has been a notice of dismissal filed before the filing of an answer or motion for summary judgment, or when a stipulation of dismissal has been filed by all parties, can a dismissal be effected without a court order. Rule 41 (a) (1) Fed.Rules Civ.Proc. 28 U.S.C.A. Without a dismissal, properly obtained, the cause remained pending in the name of Transocean. Cf. Meyer v. Fleming, 327 U.S. 161, 66 S.Ct. 382, 90 L.Ed. 595. The motion to strike the dismissal was filed on March 6, 1964. In the record, filed on April 7, 1964, is a copy of an order of the California Referee in Bankruptcy authorizing the Trustee to compromise the Florida litigation, and annexed is a copy of a stipulation reciting that the United States had filed claims of more than $500,000, which are referred to as "contingent," purporting to settle the Florida litigation for a set off of $75,000 against the Government claims. The Rule requires that for a dismissal by stipulation to be effective, the stipulation must be filed. The stipulation was not apparently intended as a dismissal. It provides that "the trustee will forthwith dismiss." The contemplated dismissal was not to be effected by the stipulation but by an act of the Trustee to be done subsequently. The Trustee, not being a party, could not have stipulated under the Rule even though there had been an effort to procure a dismissal by stipulation.

■ The dismissal was improperly entered and should have been set aside, not only for the technical reasons heretofore assigned, but because a perfected charging lien of attorneys cannot be defeated by a dismissal by stipulation under Rule 41. 5 Moore's Federal Practice 1025, Par. 41.02[2]; Ingold v. Ingold, S.D.N.Y. 1939, 30 F.Supp. 347.

■ The United States urges that Messrs. Marchant and Perkins have no lien. The United States seems to concede that the law of Florida will govern the right to an attorney's lien. Such concession is a proper one. Webster v. Sweat, 5th Cir. 1933, 65 F.2d 109. The United States stresses Sentco, Inc. v. McCulloh, Fla., 84 So.2d 498, to sustain its contention that there is no lien in this cause. The Sentco case was not wholly unlike the case before us, but the differences preclude it from being a precedent requiring the United States to prevail. In Sentco, as here, the plaintiff's counsel had a case on a contingent fee basis. There, as here, they had been successful on an appeal, and thereafter a settlement was made without reckoning with counsel. But the parallel goes no farther. In Sentco the court on the first appeal said in its opinion, "any award for damages would be pure speculation." Sentco, Inc. v. McCulloh, Fla., 68 So.2d 577, 581. In this case the right to recover was upheld on appeal and the formula was stated as the basis for computing the amount. On remand a judgment was entered directing that the parties attempt to reach an agreement as to the amount due and in the event of disagreement such matters should be presented to the Commissioner [Special Master] for determination of the amounts due. Nothing remained to be done but the making of the computation. The right of Transocean to recover was determined and only the amount was to be fixed. The judgment was such as ripened the charging lien of counsel and gave to them a vested right to participate in the recovery. It is not necessary that the question be decided on this appeal but it seems to be the law of Florida that a contract for the payment of attorneys' fees out of the judgment recovered operates as an equitable assignment of the fund pro tanto and creates a lien. Forman v. Kennedy, 156 Fla. 219, 22 So.2d 890.

■■ It is the rule in Florida that while parties have a right to settle controversies out of court, any such settlement without the knowledge of or notice to counsel and the payment of their fees is a fraud on them, whether so intended or not. Miller v. Scobie, 152 Fla. 328, 11 So.2d 892. See Mabry v. Knabb, 151 Fla. 432, 10 So.2d 330; Harper v. Strong, 135 Fla. 10, 184 So. 848. Where an action was dismissed on stipulation after a settlement which ignored the rights of counsel under a contingent fee agreement,

the order of dismissal would be reversed so that the case could be continued for the enforcement of the lien of counsel. Miller v. Scobie, supra.

 The Government makes the contention that the district court in Florida was without jurisdiction to determine the lien claim or to permit recovery of attorneys' fees. The remedy, says the Government, is to file a claim in the bankruptcy proceedings. The lien is annexed to the judgment and is enforceable in the court where the judgment is entered. That court may protect and enforce the lien so that the benefits of the attorneys' services may not be obtained without paying for them. Reid v. Aderhold, 5th Cir. 1933, 65 F.2d 110, cert. den. 290 U.S. 676, 54 S.Ct. 104, 78 L.Ed. 584. See also Sherman v. Buckley, 2nd Cir. 1941, 119 F.2d 280, cert. den. 314 U.S. 657, 62 S.Ct. 110, 86 L.Ed. 527. It may be appropriate at this point to say that the objections to the court's jurisdiction are not raised by the Trustee but by the Government.

 We are told by the Government that there is no basis for the entry of a judgment for $25,000. The position is taken, apparently, that the $75,000 settlement figure was binding only in the event the Florida suit was dismissed. This inference is not warranted. There was nothing conditional in the stipulation that "The agreed sum of $75,000, which sum constitutes the settlement of the Florida action herein above referred to will be set off against the claims of the United States filed in the subject [bankruptcy] proceedings in the Northern District of California." While not so intended, the stipulation between the Government and the Trustee was about such a stipulation as the district court, in its judgment on the mandate of this Court, directed the parties to attempt. By a footnote in its brief the Government says that "it goes without saying" its liability under this Court's opinion would not equal $75,000. It urges that it agreed to $75,000 as a value to the Government of ending the litigation. The Government, in the Florida proceedings before the dismissal was attempted, submitted figures showing a liability of $69,785.70. In the brief of the appellees it is stated that "obviously" the amount due Transocean exceeded $75,000. There is no repudiation of the settlement. It was submitted to and approved by the bankruptcy court. We see no reason why the Government should not be bound by it as a basis for a determination of the percentage fee of Transocean's counsel.

The judgment of the district court has reached a result in conformity with the applicable law and which does justice to the parties. The judgment is

Affirmed.