In the Matter of TLC OF LAKE WALES, INC., Bankrupt.

R. M. BEACH, Trustee, Plaintiff,

v.

Frank M. TOWNSEND, Jr. and Aetna Business Credit, Inc., Defendants.

Bankruptcy No. 78–1462.

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

Aug. 3, 1981.

Don Stichter, Tampa, Fla., for plaintiff.

Robert H. Roth, Orlando, Fla., for defendant F. Townsend, Jr.

David G. Mulock, Tampa, Fla., for defendant Aetna.

R. M. Beach, Trustee.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THE MATTERS under consideration are Motions for Summary Judgment filed by both the Plaintiff, R. M. Beach, the Trustee of the estate, and the Defendant, Frank M. Townsend, Jr. Both parties agree that there are no genuine issues of material fact and the controversy can be resolved without the necessity of a trial as a matter of law.

The relevant facts as established by this record are as follows:

Frank M. Townsend, Jr., an attorney, was retained by TLC of Lake Wales, the Bankrupt (TLC) in early 1974 to recover a debt owed to TLC by GST Development Company (GST). He was to be paid for his services either $60 per hour or 50% of any recovery, whichever was greater. (Affidavit of Jack F. Townsend, III). Townsend filed a suit against GST to foreclose a mechanics lien. Following several lengthy appeals, he ultimately settled the case for $73,000 in June of 1979. The settlement was approved by this Court in November of 1979. Although the record reveals that Townsend originally received the entire $73,000 recovery, he ultimately retained only $40,618.82, to cover his fees based on 662.75 hours plus costs. The balance was remitted to the Trustee.

The record further reveals that TLC filed its Chapter XI petition on December 28, 1978; was adjudicated bankrupt on May 4, 1979; filed a Chapter XI petition in its pending bankruptcy case on May 13, 1979. In July of 1979, the Chapter XI proceeding was dismissed and the liquidation proceeding was reinstated.

The present controversy is presented for this Court's consideration by a complaint filed by the Trustee who seeks to invalidate the charging lien on the fund claimed by Townsend.

It is the contention of the Trustee that the fees earned by Townsend were for services rendered prior to the commencement of the Chapter XI proceeding and, therefore, he has only an unsecured claim. The Trustee further contends that even if a charging lien ultimately arose, it was only an inchoate lien on the date the original petition was filed, therefore, it is subordinate to the rights of a bankruptcy trustee who, by virtue of § 70(c) of the Bankruptcy Act, defeats any liens which are not perfected at

the time the case commenced. Finally, in the event the Bankruptcy Court finds that the attorney's charging lien is proper, the Trustee urges that the Court is not bound by the contract entered into by TLC and the Court is free to re-examine the reasonableness of the amount claimed.

In opposition, Townsend asserts that he has both an attorney's charging lien and a possessory retaining lien on the funds which he still holds by virtue of the fact that since the trustee's judgment lien status did not vest before the attachment of the charging lien, it is inferior to the charging lien.

There is no question that under the strong arm clause of the Bankruptcy Act, § 70(c), the trustee shall have as of the date of bankruptcy the rights and powers of (1) a creditor who obtained a judgment against the bankrupt upon the date of bankruptcy, whether or not such a creditor exists, (2) a creditor who upon the date of bankruptcy obtained an execution returned unsatisfied against the bankrupt, whether or not such a creditor exists, and (3) a creditor who upon the date of bankruptcy obtained a lien by legal or equitable proceedings upon all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt upon a simple contract could have obtained such a lien, whether or not such a creditor exists. The special voiding powers granted to the trustee by § 70(c) of the Bankruptcy Act is equally applicable to arrangement proceedings by virtue of § 302 and it is clear that upon adjudication, the Trustee in bankruptcy may use § 70(c) to invalidate defective or unperfected lien claims which occurred prior to the commencement of the case. *Collier on Bankruptcy*, ¶¶ 70.46, 70.51 (14th ed.).

■ Under Florida law, a charging lien attaches to the judgment, and an attorney who has a charging lien is entitled to have the judgment enforced. *Nichols v. Kroelinger*, 46 So.2d 722 (Fla.1950). Although the charging lien does not attach until after judgment or recovery has been obtained, it relates back and takes effect from the date of the attorney's first commencement of services. *Randall v. Archer*, 5 Fla. 438 (1854).

■ A charging lien is subject to any rights in property which are valid against the client at the time the lien *attaches*, 4 Fla.Jur.2d *Attorney's at Law*, § 162, but the lien is "superior to a creditor's claim in whose favor execution has been levied and to a subsequent attachment, garnishment, trustee process or other lien on the money or property involved subsequent in point of time." 7 Am.Jur.2d, *Attorney's at Law*, § 289.

There are no Florida cases directly in point. Several cases from other jurisdictions, however, have considered the issues involved in the present instance. *Hanna Paint Mfg. Co.*, 298 F.2d 371 (10th Cir. 1962). In *In re Miller*, 17 CBC 28, 31 (E.D. Pa.1978), the Court stated:

> "This case fits all of the criteria, at the time the bankruptcy was filed the attorneys were looking for payment of a fund to be created, and the fund has now come into existence. Although the charging lien attached after bankruptcy, *Webster v. Sweat*, 65 F.2d 109 (5th Cir. 1933), it relates back and takes effect from the time the services were commenced ... thus taking priority over the receiver."

In *In re E.C. Ernst, Inc.*, 4 B.R. 317 (Bkrtcy.S.D.N.Y.1980), the Court was confronted with a factual situation quite similar to that involved in the present instance. Although New York has a statute dealing with attorneys charging liens, that statute is quite similar to Florida's common law. In *dicta* the *Ernst, supra* court stated "[S]ince the lien relates back to the commencement of F & G's services (i. e. pre-petition), the fact that the debtors each filed a Chapter XI petition does not affect the lien as to those relevant pre-petition activities. It is well settled that to the aforementioned extent the charging lien survives bankruptcy." *Citing*, 4B *Collier on Bankruptcy*, at 1003 (14th ed.); *Browy v. Brannon*, 527 F.2d 799 (7th Cir. 1976) (same rule of law, applied in Chapter VII case).

In light of the foregoing, this Court is satisfied that Townsend has a charging lien in the proceeds of the mechanics lien foreclosure suit brought on behalf of TLC of Lake Wales and it is unnecessary to consider the validity of Townsend's claimed retaining lien.

This leaves for consideration whether this Court has authority to determine the reasonableness of the fee and fix the amount of Townsend's compensation. Although there have been no counter affidavits filed on behalf of the Trustee disputing the amount of fees requested by Townsend, the Court is satisfied that it has inherent authority to determine the reasonableness of said fees. See e. g. *In re E. C. Ernst, Inc., supra* at 320; *In re Miller, supra* at 32. See especially *In re Land Investors, Inc.,* 544 F.2d 925, 932 (7th Cir. 1976). But see, *United States v. Transocean Air Lines,* 356 F.2d 702 (5th Cir. 1966), which held that the Bankruptcy Court did not have jurisdiction to reassess fees already determined by the District Court. In the *Land Investors, supra* case, the Court found that because the Court in which the attorney's services were rendered had not determined the amount of fees, the Bankruptcy Court was free to exercise jurisdiction and determine the amount. This Court is, therefore, satisfied that in the present instance, *Transocean, supra* is not controlling and because the State Court did not determine the reasonableness of fees, this Court has the power to do so. *Land Investors, supra* at 932.

Townsend seeks $39,765 for 662.75 hours of time itemized on the time log plus costs of $843.82. The Court, however, finds that the reasonable fee for the services rendered and the results achieved should not exceed $29,200 which is 40% of the amount Townsend recovered in the state court and costs in the amount of $843.82. *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974); *In re First Colonial Corp. of America,* 2 BCD 1633 (5th Cir. 1977).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by R. M. Beach, the Trustee be, and the same hereby is, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by Frank M. Townsend, Jr. be, and the same hereby is, granted and the amount of compensation fixed by this Court shall be $29,200 plus costs in the amount of $843.82 for a total of $30,043.82. It is further

ORDERED, ADJUDGED AND DECREED that Frank M. Townsend, Jr. be, and the same hereby is, directed to turn over the excess monies held by him to R.M. Beach, the Trustee.