453 So.2d 1167 (1984)
Debra Sue RESTIVO, Appellant,
v.
ANDERSON & ANDERSON, P.A., Etc., et al., Appellees.
ANDERSON & ANDERSON, P.A., and Carol Anderson, Appellants,
v.
Debra Sue Restivo, Appellee.
Nos. 81-2222, 82-1670.
District Court of Appeal of Florida, Fourth District.
July 25, 1984.
Rehearing Denied August 22, 1984.
*1168 Robert D. Peltz of Rossman & Baumberger, P.A., Miami, for Debra Sue Restivo.
D. Culver Smith III and James A. Farrell of Steel, Hector, Davis, Burns & Middleton, Palm Beach, for Anderson & Anderson, P.A. and Carol M. Anderson.
ANSTEAD, Chief Judge.
These are consolidated appeals involving a dispute between lawyers and their client as to the disbursement of proceeds of a settlement of the client's personal injury claim under the terms of a contingency fee agreement. Restivo claims error in the striking of her claim for conversion and the Andersons claim error in the entry of summary judgment against them on their claim for fees under the contingency fee agreement.
Upon review of appellant Restivo's allegations we conclude that the trial court erred in striking her claim for conversion. We find that she stated a cause of action for conversion in alleging that her lawyers wrongfully withheld funds to which Restivo was lawfully entitled. Restivo alleged that the lawyers received the proceeds of a settlement and withheld all of the proceeds of the settlement while demanding that Restivo agree to the attorneys' claim as how their fee was to be computed as a condition to releasing any of the funds. Restivo asserts that she was immediately entitled to at least that portion of the settlement proceeds that would be due her even if the attorneys' claim was valid. We agree. We reject the attorneys' claim that they were entitled to withhold all of the proceeds until their fee claim was resolved. For that reason we reverse and remand for further proceedings in Case No. 81-2222.
In Case No. 82-1670 we find no error by the trial court in granting a partial summary judgment for Restivo on her claim that the lawyers breached the contract of employment by withholding a sum for their fee based on a percentage of the court judgment rendered in the case rather than the settlement proceeds.[1] In granting summary judgment the trial court construed *1169 the words "recovery" and "total recovery" in the contingency fee agreement to mean the amount of funds actually recovered by settlement, after a larger sum was awarded at trial and the case was settled to avoid the risks of further proceedings by motion or appeal. The attorneys contend that their fee should be predicated upon the amount of the court award rather than the actual settlement.
Both parties rely on the case of Forman v. Kennedy, 156 Fla. 219, 22 So.2d 890 (1945), wherein a recovery for a lawyer based upon a percentage of the court judgment rather than a subsequent settlement was affirmed. Although the specific language of the employment contract was not quoted, the following language from the trial court judgment was approved:
By the weight of authority, where an attorney is employed on a contigent fee consisting of a percentage of the amount recovered, the amount for which the case is settled is the basis on which the attorney's percentage is to be computed, * *. There are, however, decisions to the effect that when an attorney contracts for a contingent fee to depend upon the result of the suit, and the client compromises such suit without the consent of the attorney, the latter will be entitled to recover the whole amount of the fee in like manner as if the contigency had transpired upon which the payment of the fee was made to depend. [Emphasis in original.]
22 So.2d at 890-91. We agree with the trial court's holding that the contingency fee agreement involved herein, on its face, was not one providing "for a contingent fee to depend upon the result of the suit" and, accordingly, that the fee was not to be determined based upon the amount of the court judgment. Rather, we believe the agreement herein was for a "contingent fee consisting of a percentage of the amount recovered" and that, accordingly, the settlement was the amount upon which the fee was to be computed.
The fee anticipated in the agreement is to be computed and paid out of the proceeds of a recovery, i.e., an amount actually collected. The agreement expressly provides, no recovery  no fee. In our view, this can only mean no amount collected  no fee to be paid. Obviously the words "recovery" and "total recovery" when used in connection with a settlement before suit could only refer to an amount actually received. In addition, however, we believe such words when used in the eventuality of suit being filed also mean the same thing, i.e., actual recovery. Clearly there could be a settlement after suit is filed and any fee, while increasing in percentage, would still be based on the amount received. Even if there was a settlement after a verdict or judgment was rendered, it seems apparent that the parties intended that the fee would still be based on the amount actually recovered. For instance, if the attorneys agreed that there was a substantial chance that the judgment might be overturned by motion or appeal, they would no doubt concur in a settlement for a lesser amount. It would make little sense in such a situation for the attorneys to receive a fee based on a percentage of the verdict rather than their own recommended settlement. And, of course, if a judgment was secured and it had to be collected in whole or in part by levy or garnishment, the percentage fee would still be based upon the amount actually recovered. This interpretation gives a consistent and uniform meaning to the term recovery as it is used throughout the agreement while permitting the percentage of the recovery to increase the further the claim progresses through its legal stages.
The real problem with the agreement is the absence of any provisions dealing specifically with the situation that actually occurred, i.e., the settlement of the case for a lesser amount after a verdict was rendered. However, it is clear that there is no provision in the agreement limiting the client's right to settle. Absent such a provision we believe the client, under the terms of the agreement here, had a right to settle, notwithstanding the fact that the settlement resulted in a lesser recovery for both the client and the attorney. Of course, if the agreement specifically provided for a fee based on the amount of a court award rather than the *1170 amount actually received then that provision would control. However, there is no language in the agreement that the fee is based "upon the result of the suit" i.e. the amount of the verdict or judgment recovered. Rather, the increasing percentages seemed to be pegged to the increasing work, responsibility and risk that occur as the claim progresses. This does not mean that the parties may not make provisions providing for a different basis for computing a fee. It only means that to do so the language used will have to be different from that provided here. This interpretation is consistent with public policy considerations recognizing the right of a litigant to control his case and to settle it if he so desires absent specific limitations in the employment agreement to the contrary. We also stress that this case involves no allegations by the attorneys of any bad faith in the settlement on the part of the clients to intentionally deprive the attorneys of a greater fee by settling for a lesser amount than the verdict recovered.
Accordingly, we affirm in part and reverse in part and remand this cause for further proceedings consistent herewith.
DOWNEY and DELL, JJ., concur.
NOTES
[1] FOR LEGAL SERVICES
I, the undersigned Client, do hereby retain and employ the law firm of Anderson & Anderson as my attorneys to represent me in my claim for damages against James David Campbell, or any other person, firm or corporation liable therefor, resulting from injuries sustained by me which arose from an accident which occurred on October 6, 1977, at State Road 823.
I hereby agree to pay for the costs of investigation, and, should it become necessary to institute suit, I agree to pay all further costs incurred in connection with my case.
As compensation for these services, I agree to pay my said attorneys from the proceeds of any recovery the following fee:

33 1/3% of the total recovery if settled without filing suit;
40% of the total recovery in the event that suit is filed;
45% of the total recovery if an appeal is taken from the lower
 Court by either side, or if garnishment or any proceeding after
 judgment must be brought to collect the judgment or any portion
 thereof.

I further authorize my attorneys to pay out of the proceeds of any recovery all unpaid hospital bills or medical bills for which I may be indebted as a result of the accident which is the subject matter of this Contract.
It is agreed and understood that this employment is upon a contingent fee basis, and if no recovery is made I will not be indebted to my said attorneys for any sum whatsoever as Attorneys' Fees.
DATED at Fort Lauderdale, Broward County, Florida,
this ____ day of _____________, 19__.
 ______________ (SEAL)
 Client