## In re JARAX INTERNATIONAL, INC., Debtor.

### Bankruptcy No. 86–04029–BKC–AJC.

United States Bankruptcy Court, S.D. Florida.

Dec. 30, 1987.

Harry D. Lewis, Miami, Fla., for trustee.

Peter H. Levitt, Miami, Fla., for Steel, Hector, et al.

### ORDER GRANTING MOTION FOR TURNOVER OF PROPERTY TO BANKRUPTCY ESTATE

A. JAY CRISTOL, Bankruptcy Judge.

At the hearing held on November 10, 1987, the Chapter 7 Trustee in Bankruptcy for Jarax International, Inc. (hereinafter referred to as the Trustee) moved the Court for an Order compelling the law firm of Steel Hector & Davis to turn over or disclose certain records or files held by the law firm which relate to the affairs of the debtor corporation pursuant to 11 U.S.C.

§ 542(e). The law firm has refused, asserting a common law attorney's retaining lien in the books and records until payment of its putative outstanding bill or grant of a replacement lien in unencumbered cash assets of the estate. For reasons discussed more fully within, the Court hereby grants full disclosure to the Trustee subject to later valuation of the information disclosed based upon its importance to recovery of cash assets or importance to proper administration of this bankruptcy estate.

The essential facts are undisputed. During the course of her investigation of this case, the Trustee learned that the law firm of Steel Hector & Davis, which had represented Jarax briefly, held a file allegedly containing various documents belonging to the debtor, including an analysis of potential causes of action by Jarax against Capital Factors, Inc., a major secured creditor in this case. Despite oral requests by counsel for the Trustee, followed by a formal written demand for turnover of the records waiving any attorney-client privilege which might otherwise apply, e.g., *Commodity Futures Trading Commission v. Weintraub*, 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1983), Steel Hector & Davis refused to turn over the records to the Trustee, asserting an attorney's retaining lien in the records pursuant to Florida common law. *See* 4 Fla.Jur.2d *Attorneys at Law* §§ 156, 157 (1978); *Cooper v. McNair*, 49 F.2d 778 (S.D.Fla.1931), *Chancey v. Bauer*, 97 F.2d 293 (5th Cir.1938). Despite offer by counsel for the Trustee to stipulate to the preservation of any lien which Steel Hector may have subject to later objection, Steel Hector & Davis asserts that the bankruptcy court may not preserve the possessory lien, but that it is lost as a matter of law if possession of the records at issue is surrendered to the Trustee at any time prior to payment, and refuses to make the requested disclosure.

The Trustee has been unable to examine the records here at issue, and cannot evaluate their importance to the estate, because Steel Hector & Davis has denied access to the records. Although Steel Hector & Davis may have a valid, unsecured claim

against this estate, the law firm has failed to file any proof of claim up to this time, nor has the Trustee had any opportunity to evaluate any proof of claim filed by the law firm to recommend allowance or disallowance of such claim to this Court. Accordingly, the Trustee cannot intelligently advise the court as to whether the records here at issue are in any way valuable to or important to proper administration of this estate, or whether Steel Hector & Davis has a valid claim against the Debtor. Her only information is second-hand and conclusory. It is clear that Steel Hector & Davis's denial of access to these records is hindering and delaying proper administration of this estate.

11 U.S.C. § 542(e) provides that:

Subject to any applicable privilege, after notice and a hearing, the court *may* order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, *to to (sic) turn over or disclose* such recorded information to the trustee. (emphasis added).

The legislative history of this provision, contained at House Report No. 595, 95th Cong., 1st Sess. 369–70 (1977), U.S. Code Cong. & Admin.News 1978, pp. 5787, 6325, 6326 provides that:

Subsection (e) requires an attorney, accountant, or other professional that holds recorded information relating to the debtor's property or financial affairs, to surrender it to the trustee. This duty is subject to any applicable claim of privilege, such as attorney-client privilege. It is a new provision that *deprives accounts [sic] and attorneys of the leverage that they have today, under State law lien provisions, to receive payment in full ahead of other creditors when the information they hold is necessary to the administration of the estate.* (emphasis added).

There are no cases directly on point as to the application of § 542(e) in the state of Florida to documents or records in which a law firm asserts a common law attorney's retaining lien. In *In re Sea Catch, Inc.,* 36 B.R. 226 (Bankr.D.Ala.1983), an Alaskan bankruptcy judge analyzed the Alaskan attorney's retaining lien statute and attorney's charging lien statute in detail. He concluded that possession of the records as of the date of the filing of the bankruptcy petition was an essential precondition to perfection of any attorney's retaining lien under state law, a fact not at issue in this case, because the law firm retains possession at this time.

In a Florida case not directly on point, *Beach v. Townsend (In re TLC of Lake Wales, Inc.),* 13 B.R. 593 (Bankr.M.D.Fla. 1981), Judge Paskay discussed the Florida common law attorney's *charging* lien in detail. The opinion does not discuss the Florida common law *retaining* lien, however, which differs significantly from an attorney's charging lien in several respects. As noted by the court in *Cooper v. McNair,* 49 F.2d 778, 781 (S.D.Fla.1931), an attorney's retaining lien is a "mere possessory" lien, "purely passive, being a bare right to hold possession until payment. It cannot be actively enforced. It is of value to the attorney only in proportion to the extent that such retention by him will embarrass the client." 49 F.2d at 781. *See also* 7A C.J.S. *Attorney & Client* § 358 (1980). By contrast, an attorney's charging lien attaches to a judgment or recovery of assets, and there is a cash res out of which counsel may be compensated for services performed. *E.g., Beach v. Townsend (In re TLC of Lake Wales, Inc.),* 13 B.R. 593, 595 (Bankr.M.D.Fla.1981). Because there is no cash res to which a retaining lien may attach and no legal mechanism for its enforcement, the actual value of a retaining lien to an attorney is minimal. Although, Steel Hector & Davis may have expended thousands of dollars of time in generating the records, they may be worthless to the Trustee or the estate in recovering assets, the principal concern in bankruptcy administration. Accordingly, this Court declines to follow *In re Life Imaging Corp.,* 31 B.R. 101 (Bankr.D.Colo.1983), in which the court prorated the attorney's retaining lien document by document, charging the Trustee the total amount owed to the law firm divided by the total number of doc-

uments. Such an approach does not consider the actual economic value to the estate of the documents, an appraisal which can be accurately performed only at the time claims are allowed, late in the administration of the case. *See Oiltech v. Nelson & Harding,* 38 B.R. 484 (Bankr.D.Nev. 1984).

■ Where, as in this case, there is a strong countervailing federal policy promoting prompt administration of bankruptcy cases, 11 U.S.C. § 542(e), including prompt recovery of assets for the benefit of creditors, and the law firm's only hope for payment of its claim rests upon the success of the trustee in recovering assets, federal bankruptcy policy must prevail over the state common law lien. U.S. Const. Art. VI; *New World Marketing Corp. v. Garcia,* 69 B.R. 522, 525 (Bankr.E.D.Pa. 1987). The legislative history clearly demands that the trustee in bankruptcy have prompt access to all information "necessary to the administration of the estate." The current posture of this case makes a determination by the Trustee and this Court of the importance of the records held by Steel Hector & Davis to administration of this estate impossible, and it is impractical to permit the law firm to hold records indefinitely, hindering and delaying prompt administration of this estate and recovery of assets out of which the law firm may be compensated. Without a proof of claim filed by the law firm, there is nothing in the record to support the assertion that the law firm has a claim against this debtor. "An attorney who has no right to compensation is not entitled to such a lien." 7A C.J.S. *Attorney & Client* § 358 at 712 (1980). Further, "an attorney who claims (a possessory lien) must make a demand for the unpaid amount or balance." 7A C.J.S. § 365 at 728 (1980), and the retaining lien itself "has its origin in the inherent power of the court over the relations between attorneys and their clients." 7A C.J.S. *Attorney and Client* § 358 at 712 (1980). Accordingly, this Court has the equitable power to modify the retaining lien for the protection of each of the parties. *E.g.,* 11 U.S.C. § 105; *Bank of Marin v. England,* 385 U.S. 99, 87 S.Ct. 274,

17 L.Ed.2d 197 (1966); *In re Beef N' Burgundy, Inc.,* 21 B.R. 69, 70 (Bankr.N.D.Ga. 1982).

■ Granting an accountant or attorney a retaining lien in undisclosed information in a bankruptcy context would force the trustee to buy a "pig in a poke," and coerce this estate into granting lien privileges for information or records which may be worthless. Neither an attorney nor an accountant should be permitted to hold a bankruptcy estate hostage with undisclosed information. Neither an attorney nor accountant should be permitted to force the trustee in bankruptcy to gamble with the assets of the bankruptcy estate that the information or records held by the attorney or accountant are of real value to the estate.

Accordingly, the Court ORDERS, as follows: (1) Steel Hector & Davis is ORDERED to permit the Trustee to inspect and copy any records held by the law firm relating to the affairs of the Debtor; and (2) this Court reserves ruling on the amount, validity or priority of any retaining lien asserted by Steel Hector & Davis until the law firm has filed a proper proof of claim and the estate has assets adequate to satisfy a claim of lien at the time for allowance of claims in the ordinary course of administration. Only then can this Court analyze the value, if any, of the records to the recovery of assets and administration of the estate. The retaining lien of Steel Hector & Davis is ORDERED PRESERVED as part of the proof of claim, and will be valued at the time claims are allowed in the ordinary course of administration. If the records have been essential to recovery of assets, this Court will value the lien commensurate with the amount of the recovery.

In its proof of claim, the law firm should fully document the amount claimed, enumerate the records turned over, assert specifically its claim of lien in detail, and identify the source of the records, whether obtained from the debtor directly, generated as attorney-client work product, or obtained from another source. If it appears

that the documents were improperly obtained from the debtor or were obtained in a representative capacity or for a special purpose, *e.g.*, 7A C.J.S. *Attorney & Client* §§ 376, 377 at 742–5 (1980), then the lien claim will be denied, and the claim allowed as unsecured if otherwise in compliance with law.