In the Matter of Pasquale
MATASSINI, Debtor.

**Bankruptcy No. 87–2316–8B1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 23, 1988.

David Steen, Tampa, Fla., for debtor.

T. Paine Kelly, Tampa, Fla., for R.W. Mashburn, Lamas Oriental Foods, Lamas Inc.

Robert Goldhagen, Tampa, Fla., for Goldhagen & Davis.

## ORDER ON MOTION FOR PROTECTIVE ORDER AND OBJECTION TO RULE 2004 EXAMINATION

THOMAS E. BAYNES, Jr.,
Bankruptcy Judge.

THIS CAUSE came on for consideration upon the Motion for Protective Order and Objection to Rule 2004 Examination filed by the movant, Robert Goldhagen, Esq. The Court reviewed the Motion and the record and finds as follows:

By order of this Court dated June 21, 1988, movant was directed to appear at a Rule 2004 examination to be examined by creditors R.W. Washburn, Lamas Oriental Foods, Inc., and Lamas, Inc. Movant was directed to produce at that time all files and documents relating to Mr. Goldhagen's representation of the Debtor, Pasquale Matassini. Movant objects to the production of these documents, claiming an attorney's retaining lien for outstanding fees incurred for previous legal services performed on behalf of the Debtor.

■ The validity and extent of retaining liens in bankruptcy is determined by state law. *In re Life Imaging Corp.*, 31 B.R.

101 (Bankr.Co.1983) (citing *In re Campbell*, 26 B.R. 145 (Bankr.Co.1983)). Attorneys' retaining liens are permitted under Florida law. *Daniel Moves, P.A. v. Smith*, 486 So.2d 559 (Fla.1986).

> In Florida, the liens available to an attorney to secure the payment of his fees are based on the common law ...
>
> A retaining lien attaches to all property, papers, books, documents, securities, and moneys of the client coming into the hands of the attorney in the course of his professional employment. It gives him the right to retain possession thereof as security for all costs, disbursements, and charges due him, and not only for those due for a specific service. It is a common-law lien founded and depending upon possession. Loss of possession of the client's property terminates the lien. Like other mere possessory liens, the attorney's retaining lien is passive, being a bare right to hold possession until payment. It cannot be actively enforced. Its value to the attorney is only in proportion to the extent that such retention by him will embarrass the client.

4 Fla.Jr.2d § 157, 157., *Cooper v. McNair*, 49 F.2d 778, 781 (S.D.Fla.1931). During the course of Mr. Goldhagen's employment, documents and files belonging to the Debtor came into his possession. In accordance with Florida law, Mr. Goldhagen has a valid retaining lien on these documents and papers for outstanding fees due and owing.

■ A valid retaining lien is not extinguished by the client's filing of a bankruptcy case. *Life Imaging Corp., supra* (citing *Browy v. Brannon* ), 527 F.2d 799 (7th Cir.1976). However, the lien is subject to the provisions of Title 11 U.S.C. § 542(e) which provides,

> Subject to any applicable privilege, after notice and a hearing, the court may order an attorney ... that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee.

■ As the House and Senate Reports suggest, the Congressional intent was to eliminate the leverage of accountants and attorneys under state lien law which often requires full payment of professional fees over the debts of other creditors prior to the professional releasing information. With the enactment of 11 U.S.C. § 542(e), the bankruptcy court may order turnover of the information when the information is necessary to the administration of the estate. H.R. 95–595, 95th Cong., 1st Sess. 369–70 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 84 (1978); U.S.Code Cong. & Admin.News 1978, pp. 5787, 6325.

Although the retaining lien is a mere possessory lien, the language of Section 542(e) and the legislative intent do not require the voiding of the lien upon turnover. *Oiltech, Inc. v. Nelson & Harding (In re Oiltech, Inc.)*, 38 B.R. 484 (Bankr.Nev. 1984); *Life Imaging Corp., supra* at 102. Rather, the Courts have grappled with fashioning an appropriate form of adequate protection.

■ Mr. Goldhagen relies on the pre-Code case, *In re San Juan Gold, Inc.*, 96 F.2d 60 (2nd Cir.1938) to support his position that his fees should be paid prior to producing the files at the Rule 2004 examination. In *San Juan Gold* the Court ordered the payment of the attorney's fees prior to the release of the client's papers in the attorney's possession. This Court will not follow *San Juan Gold*. The decision is totally inopposite to the spirit and intent of Section 542(e) which seeks to put attorneys holding retaining liens on an equal footing with other creditors.

Several courts have utilized some form of replacement lien to adequately protect the attorney's interest. See *In re Jarax International, Inc.*, 81 B.R. 715 (Bankr.S. D.Fla.1987); *Oiltech, supra.*

■ In this Court's struggle to find an appropriate method by which to grant the creditors in this adversary proceeding access to the files while at the same time protect Mr. Goldhagen's retaining lien, the Court finds it appropriate to replace the retaining lien with an administrative claim pursuant to 11 U.S.C. § 503. *Scroggins v. Powell, Goldstein, Frazer & Murphy, P.A.*

*(Matter of Kaleidoscope)*, 15 B.R. 232 (Bankr.N.D.Ga.1981). Any unpaid fees for professional services rendered to the Debtor shall be treated as an administrative expense.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that Robert Goldhagen's Motion for Protective Order against creditors R.W. Washburn, Lamas Oriental Foods, Inc., and Lamas, Inc. be, and the same is hereby, denied. Movant Robert Goldhagen, Esq. is hereby directed to produce, at his office and at a time convenient to all parties, the files and documents relating to Mr. Goldhagen's representation of the Debtor. It is further

ORDERED, ADJUDGED AND DE-CREED that Robert Goldhagen, Esq. is granted, pursuant to 11 U.S.C. § 503, simultaneously with the production of the files and documents, a claim to be treated as an administrative claim for any unpaid fees for professional services rendered to the Debtor. It is further

ORDERED, ADJUDGED AND DE-CREED that Robert Goldhagen shall file an administrative proof of claim within fifteen days of this order. The Debtor shall then have ten days from the filing of the proof of claim to object to the claim. If no objections are filed within the time allotted, then the claim shall be allowed.