SHAHOOD, J.
Appellant, Bobbie Parsons (Parsons) recovered from the Estate of Darwin Trynor a judgment in the amount of $129,600 for unpaid wages, together with $40,122.50 for prejudgment interest from the date of death. The personal representative appealed that judgment, and Parsons filed a cross-appeal of the trial court’s ruling disallowing one of his additional claims. Both the appeal and cross-appeal resulted in a per curiam affirmance in this court. See Trynor v. Parsons, 751 So.2d 592 (Fla. 4th DCA 2000).
Thereafter, having reserved jurisdiction to award attorney’s fees and tax costs, the trial court found that Parsons was entitled to both trial and appellate fees and costs based on a rejected demand for judgment. Parsons filed a motion for attorney’s fees, *1286 submitting records of his attorneys’ time, as well as a motion to tax costs, with the relevant supporting documentation attached.
A hearing was held on the motions. The 1995 fee agreement between Parsons and his trial counsel, Carl Collier (Collier), provided that Collier would be paid “the greater of the sum of $100.00 per hour against an increased contingency percentage of thirty-three and one-third percent (33 1/3%) of any recovery up to $345,000.00” The fee agreement did not have a provision for appellate fees; however, during the pendency of the appeal, Parsons and his attorney entered into an addendum to the retainer agreement, which modified the fee agreement to provide that Collier’s fee would be the greater of
(i) [a] contingency fee of one third of any recovery up to $345,000, or
(ii) [s]ueh amount as the Court awards as a reasonable fee against the Estate of Darwin Trynor.
For appellate representation by attorney Morburger, the addendum set a fee of the greater of 7.5 percent or whatever the court awards.
Collier’s usual hourly rate was $200. He spent 474.29 hours on Parsons’ case between May 8, 1996 (the date the demand for judgment was sent out) and the date of the filing of the motion for rehearing ($200 x 474.29 = $94,858). Collier’s co-counsel, Arthur G. Wroble, testified that his usual hourly rate was $165 and that he spent 60 hours on this case ($165 x 60 = $9,900). Attorney Morburger testified that he spent 81.8 hours on the appeal of Parsons’ case. An expert testified that the attorneys’ hourly rates and the amount of time they spent on this case were reasonable in the community.
The trial court entered an order awarding Parsons costs and fees in the total amount of $81,724. The court accepted the evidence as to the hourly rates and amount of time spent by each attorney. With regard to Collier, however, the court found that he reasonably spent 250 hours on the case and that his rate of $200 was reasonable. The court capped Collier’s fee at $56,574.00, which represents one-third of the $169,722 judgment, but found that if there were no cap, Collier would be entitled to $81,250.
Parsons filed a motion for rehearing concerning the order on fees and costs. The court granted the motion with regard to costs, and revised the order, explaining that part of the list of costs had been cut off when it was photocopied and the court had intended to award all costs except for $900. In all other respects, the motion for rehearing was denied. This appeal follows.
Parsons raises two issues on appeal. First, he argues that the trial court should have awarded him not only one-third of the total judgment, but also one-third of the accrued post-judgment interest. Second, he maintains, and appellee concedes, that the trial court erred in failing to include in the fee award interest which accrued from the date of the order determining entitlement to fees. See Quality Engineered Installation, Inc. v. Higley S., Inc., 670 So.2d 929, 931 (Fla.1996)(holding that “interest accrues from the date the entitlement to attorney fees is fixed through agreement, arbitration award, or court determination, even though the amount of the award has not yet been determined”). We agree that the trial court erred in not awarding Parsons fees in the amount of one-third of the post-judgment interest in addition to one-third of the judgment. The second issue is, therefore, rendered moot.
*1287 In awarding attorney’s fees, the trial court is not free to exceed the fee agreement stipulated to by the prevailing party and his attorney. See Lane v. Head, 566 So.2d 508 (Fla.1990). The agreement between Parsons and Collier states that the fee will be the greater of one-third of any recovery up to $345,000 or any reasonable fee the court awards. Parsons asserts that the “recovery” includes post-judgment interest, while appellee contends that “recovery” means “the face amount of the judgment obtained,” and not any post-judgment interest on that amount.
In Quality Engineered Installation, Inc., the supreme court held that the party entitled to attorney fees is also entitled to an award of interest from the date of the determination of entitlement. Id. at 931. The court reasoned that “the burden of nonpayment is fairly placed on the party whose obligation to pay attorney fees has been fixed.” Id. The court rejected the idea that attorney fees are litigation costs and not damages and, therefore, should not be subject to an assessment of interest. Id.
Following the logic in Quality Engineered Installation, Inc., we interpret the term “recovery,” as it was used in the fee agreement between Parsons and Collier, to include not only the face amount of the judgment, but also any post-judgment interest on that amount. Any other interpretation would place the real burden of the obligation to pay attorney fees on Parsons, the recipient, contrary to the supreme court’s holding. See also Restivo v. Anderson & Anderson, P.A., 453 So.2d 1167, 1169 (Fla. 4th DCA 1984), rev. denied, 461 So.2d 113 (Fla.1985)(holding that where the agreement provides for a contingent fee based upon the amount recovered, the ultimate fee award must be based on the amount actually recovered and not on the verdict entered or the judgment obtained).
In this case, the amount actually recovered included the judgment plus post-judgment interest. Considering only the judgment in calculating the contingency fee award ignores a great portion of the “recovery.” As such, we reverse and remand with directions that the trial court award fees in the amount of one-third of the judgment as well as one-third of the post-judgment interest. The court should also award Parsons interest which has accrued since April 4, 2000, the date of the order determining his entitlement to fees.
REVERSED AND REMANDED WITH DIRECTIONS.
STONE and FARMER, JJ., concur.